## WOOD et al v. HENDERSON.

Where the record shows that the judgment of the lower court was rendered on an exception to the petition, on the ground of the insufficiency of the allegations to authorize the issuing of the injunction prayed for, and that the exception was overruled, the judgment may be examined on appeal without any formal assignment of errors. *Per Curiam:* This is not such a case as is contemplated by art. 897 of the Code of Practice.

Allegations in a petition for an injunction against an order of seizure and sale issued on a foreign judgment, that the petitioner was not cited in the foreign tribunal, and that the attorney who entered an appearance and filed an answer for him had no authority to do so, are sufficient grounds for relief.

When an exception to the sufficiency of the ground for an injunction is overruled, the court cannot proceed at once to pronounce a final judgment in favor of the plaintiff. The defendant is entitled to file an answer, and put at issue the allegations on the petition.

APPEAL from the District of Carroll, *Curry*, J.
Pepper, Browder and Garland, for the appellants. Thomas and Finney, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs obtained an order of seizure and sale upon a judgment rendered in the United States Circuit Court in Mississippi, against *Henderson* and others. That judgment was obtained in a suit upon a promissory note drawn by " *B. Hardison & Co.* in liquidation," of which firm it was alleged that *Henderson* was a member. The record exhibits an appearance in the case by *Henderson* and the other defendants, through an attorney at law.

*Henderson* obtained an injunction restraining this order of seizure and sale. He alleges, among other things, that the party who thus signed the name of the firm " in liquidation," was unauthorized so to bind the firm, which was dissolved before the making of the note ; that he was never legally cited in that suit; that the attorney at law who made an appearance for him had no authority to do so; and that he was not legally represented therein. He prayed for damages for the alleged illegal seizure of his property, that the injunction be

<div style="float:right">Woodᴅ<br>v.<br>Henᴅerson.</div>

made perpetual, and for general relief. Thereupon the seizing creditors moved for the dissolution of the injunction. The motion was filed in writing, and set forth various grounds, all based upon the alleged defectiveness of the allegations of the petition. It was in effect an exception to the petition of injunction, as not exhibiting any lawful grounds for the issuing of the injunction and the relief prayed for: it was endorsed as an exception by the clerk, and was so styled in the judgment of the court below.

The court below overruled the exception, and, at the same time, "by reason of the law and the evidence," gave final judgment in favor of *Henderson*, rendering the injunction perpetual, and thus finally concluding the rights of the parties. The clerk certifies that the record contains all the evidence on which the cause was tried, but the record exhibits no statement of facts. The defendants in injunction appealed, and the appellee has moved to dismiss this appeal upon the ground that, there is no statement of facts, bill of exceptions, special verdict, nor timely assignment in this court of errors apparent on the face of the record.

The record and proceedings certainly exhibit a very confused, and, in some respects, contradictory aspect; but after carefully considering them, we cannot concur in the proposition asserted by the appellees, that this cause was tried on the merits. Our opinion is that, the case was tried on the motion or exception, and that the confusion has arisen from the ignorance of the clerk in treating the trial of the exception as a trial on the merits.

The exception having been overruled by the court below, we are permitted to consider it and the decree of the court upon it, without a formal assignment of error. This is not such a case as is contemplated by article 897 of the Code of Practice. The exception was, that the petition exhibited no legal grounds for an injunction and relief as prayed for. The petition, exception and judgment thereon are fully presented by the record, and if a mere bill of exceptions can be examined in this court without filing an assignment of error, the matter in question is certainly open to consideration without that formality.

This brings us to the enquiry whether the exception was properly overruled. The exception, for the purposes of its trial, admitted the truth of the allegations of the plaintiff in injunction. There is one allegation, which, if true, would entitle the latter to relief. He was not cited in the cause, and if the attornies at law who entered his appearance and filed an answer for him had no authority to do so, the judgment against him is void. We deem it unnecessary, at the present time, to consider how such an authority may be conferred, or to pass upon the other questions raised upon the face of the petition.

We are of opinion, therefore, that the petition for injunction did exhibit sufficient ground for relief, and that the exception was properly overruled. But this did not justify the court below in proceeding further, and rendering, upon the exception, a final judgment in favor of the plaintiff in injunction. Upon the dismissal of the motion or exception, the defendants in injunction were entitled to file an answer in the cause, and put at issue the allegation of the plaintiff's petition.

It is therefore decreed that so much of the judgment of the court below as dismissed the motion or exception of the defendants in injunction be affirmed, and that said judgment, as to the residue thereof, be reversed, and that this cause be remanded for further proceedings according to law, the said *Henderson* paying the costs of this appeal.