## CYRUS MARSH vs. H. D. MANDEVILLE et al.

H. and others filed a bill in the district chancery court to revive and enforce a judgment recovered in the name of the Planters Bank, on the 7th of December, 1843, against M. and others, which judgment is founded upon a note made for the sum of $900 by H., upon which M. was an indorser, and which said note was, on the 8th day of June, 1843, by the Planters Bank assigned and transferred to the complainants. On the 9th day of June, 1845, a judgment of forfeiture was pronounced by the circuit court against the bank, by reason of which the complainants are unable to proceed at law to enforce the collection of their said judgment. *Held*, that a court of equity will sustain a bill to enforce the collection of the judgment. *Bacon* v. *Cohea*, 12 S. & M. 516, cited and confirmed.

It is a principle which lies at the very foundation of equity jurisprudence, that a court of equity will, in such a case, entertain jurisdiction and grant such relief as the parties would have been entitled to, if they could have enforced their judgment at law.

Marsh *v.* Mandeville et al.

Parol evidence will be received to explain a mistake or a discrepancy in making up a schedule, as to the real amount of a note in controversy.

M. relied upon his discharge in bankruptcy as a defence to the suit. *Held,* that he must be regarded as having waived his rights in that respect, and he must be confined to such matters only as have arisen since the recovery of the judgment at law, and of which he would have a right to avail himself according to legal or equitable principles.

On appeal from the district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

The opinion of the court and the points made by counsel contain the facts of the case.         -

*W. P. Mellen,* for appellant.

1. The bill distinctly shows that the complainants never had, directly nor indirectly, any interest legal or equitable in the judgment. The judgment was obtained by the Planters Bank, and in its name, after said pretended assignment of the note. If the note were then assigned, why was not the judgment in the name or for the use of complainants? Does a note carry a judgment, or the judgment the note? Certainly the note is merged in the judgment, and suit could no longer be maintained on the note. No transfer of the judgment to complainants is shown or pretended to be shown. The deed, it is true, speaks of assets then in suit, that is, on the 8th June, 1843. The record nowhere shows that the note was in suit on that day. Is it, then, in the power of the chancery court, without fraud or mistake being alleged in the obtaining of a judgment by the Planters Bank in its own name after the pretended assignment of the note to transfer that judgment to a third party, admitting for the moment that the note was regularly assigned and delivered to complainants at the time mentioned, some six months before? There is no proof, however, that the note was ever delivered to complainants, even if the deed were free from defects; there is no indorsement and no proof on record. Harrison, the witness, was a clerk for the bank, and had the note in his hands as such. He proves no delivery of the note to complainants. To give effect to the deed, a delivery of the note was necessary. The judgment is proof positive

that the note was never delivered, or if delivered, it was rede-livered, and became again the property of the bank. Again, what would have prevented a third and a wholly disinterested party getting possession of this note from the pretended assignees, and in the course of business passing it off again to the bank? But they not only do not show any delivery to them, they have not shown any assignment by the deed, even of the note described in the bill, and as we have before said, they do not pretend to show an assignment of the judgment. They set out with the deed files to show it, but failing in that, they introduce parol testimony to patch up the deed. It is clear that the demurrer should have been sustained.

2. The court erred in allowing parol testimony to be introduced to supply the defects and to alter the deed.

The complainants could not show by the deed, that the note described in the bill, and on which the judgment was obtained, was assigned by the deed. They could not show by the deed, that any note to which appellant's name was attached, was mentioned or referred to in the deed. And so they introduce the testimony of Harrison, not to explain an ambiguity, but to give name to things which before had no name, to describe what before was not described, to change what was described, to change the amount of the figures in the deed to make it agree with the amount of the note. There were no two meanings which required a witness to explain which was meant. If a note were intended by the names and figures, then the note transferred was $904, and not $900 according to the testimony of Harrison. They show no note for $904 conveyed to them, or for any other amount. The witness not only has to say that this $904 is for a $900 note and protest fees added, he must go further and say, what the deed does not authorize him to say. He, and not the court, puts his construction upon it, and says, this column meant numbers, this the day of the month, that the number of the note, another the amount; one contains the name of the drawer, and the other the names of the indorsers, and that B. Mc K. & W. meant Brander Mc Kinna & Wright. Is this competent testimony?

In the case of a devise, evidence of intention cannot be re-

Marsh *v.* Mandeville et al.

ceived, the description being, as it stands, so imperfect as to be useless, unless aided thereby. Wigram, Ex. Ev. 2d ed. 121–123.

You cannot alter, add to, or vary a description by parol, (unless, perhaps, by direct suit in chancery to reform a deed by mistake,) though ground might be identified by parol from the description.

"Parol evidence is inadmissible to show that a boundary is incorrectly described in a deed." *Jackson, ex dem. Putnam* v. *Brown,* 1 Caines' R. 258; 14 Wend. 561.

Parol evidence admissible to establish boundaries, but not different boundaries. *May* v. *Buskin,* 12 S. & M. 428.

When the instrument is free from ambiguity, evidence in such case *dehors* the instrument, for the purpose of explaining it, according to the surmised or alleged intentions of the parties, is utterly inadmissible. *Shore* v. *Wilson,* 5 Scott, N. R. 1037; 4 Dev. 65; Wigram, Ex. Ev. 60; 15 Wend. 561.

A case of explanation always implies ambiguity, uncertainty, and doubt upon the face of the instrument. In this case there is neither.

*Boyd* and *Davis,* for appellees.

As to the defence that complainants, (defendants in error,) if they had any remedy at all, had a complete remedy at law. In *Bacon* v. *Cohea,* 12 S. & M. 516, held, that a court of equity is the proper and only tribunal for relief in such causes.

On the statute as to fraudulent conveyances and assignments, and statute of limitations, see *Montgomery et al.* v. *Galbraith et al.* 11 S. & M. 555–574; and as to statute of limitations, the bill being filed and predicated upon the judgment, and not upon the note, neither the bar of the old law, nor that of the act of 1844 (seven years) had attached.

As to the assignment of the claim, and evidence thereof. We contend that this naturally subdivides itself into three branches: 1. Was the claim in its nature assignable? 2. If so, was it assigned in the proper mode or form? and, 3. Were proper and sufficient words or means of description employed to identify it?

The claim was originally a promissory note or bill receivable

of the Planters Bank, upon which a judgment had been recovered at law. In its nature, therefore, as a chose in action, it was subject to transfer and assignment. Apart from this, the bank by its charter was specially empowered to buy and sell such effects.

The mode and the phraseology of the transfer will more fully appear by reference to the printed copy of the assignment, read in evidence in the court below, and filed herewith by consent. The words on first page of copy, " whether in suit, judgment, or otherwise existing," cover every conceivable condition or attitude of claims. And the caption of the schedule, " suspended debt, &c.," shows that the actual indebtedness to the bank, and not the mere evidence of it, was intended to be conveyed.

As to the effect of an assignment in a court of equity, see 5 Paige, 633 ; *Bradley* v. *Root,* 6 How. (Miss.), 487 ; *Fitch* v. *Stamps,* 7 S. & M. 586 ; *Anderson* v. *Miller,* 2 Story, Eq. Juris. p. 409.

As to the identity of the claim, this appears in various ways. The only apparent discrepancy is in the nominal amount, which in copy, p. 16, is $904, instead of $900. This additional four dollars is " costs of protest added, namely, four dollars," as per deposition of Harrison. This witness also proves the identity of the claim, from other sources and means of information, which examine.

This deposition was objected to in the court below, and if the same objection be taken here, we rely with confidence upon the following authorities, to show that such parol proof is always admissible in like cases to establish identity. 1 S. & M. 494, &c.; 1 Phillips' Ev. 544 ; 1 Greenl. Ev. § 286, 287, 288, and authorities cited in notes ; 4 Met. R. 80 ; *Pierce* v. *Parker,* 3 Hawks, 335 ; *Commercial Bank* v. *Clapier,* 12 Pickering, 557.

That parol proof is the only way to apply description to subject-matter in instruments, see 13 Peters, 97 ; 3 Starkie, Ev. 1021 ; 6 Cow. 281 ; 18 J. R. 81 ; 19 Ib. 449 ; 22 Wend. 148 ; 1 Greenl. Ev. § 239, p. 401 ; Ib. § 280 ; Ib. § 288, p. 412 ; Ib. § 411 ; Ib. § 414.

So where part of the description is true, and part false, see

9 S. & M. 34; 1 Ib. 501; 6 Cow. 281; 7 J. R. 217; 4 Mass. 196; 18 J. R. 60; 7 S. & M. 622, 753; 11 Conn. 332; 2 Mass. 380; 8 Bing. 244; 1 Greenl. p. 435, § 301.

And where the question is raised on a trial for creditors, and the original parties alone are to be affected by it, there is no reason why parol proof should not be admitted to vary or make certain an instrument. If these parties are to be affected, the rule must be different. In this case the debtor objecting had no interest originally in the question, for it was immaterial to him to whom he should pay.

Mr. Justice FISHER delivered the opinion of the court.

The appellees filed this bill in the district chancery court holden at Natchez, to revive and enforce a judgment recovered in the name of the Planters Bank, in the circuit court of Adams county, on the 7th of December, 1843, against Robert J. Walker and the appellant, Cyrus Marsh.

The judgment is founded upon a note made by E. G. Howell, for the sum of $900, and indorsed by R. J. Walker, Brander, McKinna & Wright, William Harris, and the appellant.

The bill alleges that the Planters Bank, on the 8th day of June, 1843, by deed assigned and transferred the note to the complainants, for the collection of the money due thereon, and for the payment of the debts of the corporation.

It further alleges, that on the 9th day of June, 1845, a judgment of forfeiture was pronounced by the circuit court of Adams county against the bank, by reason of which the complainants are unable to proceed at law to enforce the collection of said judgment.

The case of *Bacon et al.* v. *Cohea et al.* 12 S. & M. 516, settles the question as to the complainants' right to maintain a bill in a court of equity to enforce the judgment. By the assignment they acquired a right to the money, and to use the name of the corporation, so long as it had a legal existence, to prosecute at law the remedy appropriate for the collection of the debt. The substantial right thus acquired remains unaffected by the extinction of the corporation. The legal remedy alone is gone; the right remains the same; and this being the

Marsh *v.* Mandeville et al.

case, it is a principle which lies at the very foundation of equity jurisprudence, that a court of equity will entertain jurisdiction and grant such relief as the parties would have been entitled to if they could have enforced the judgment by proceedings at law.

It is next objected, that the court below erred in receiving parol evidence for the purpose of identifying the note. The deed of assignment refers to certain schedules as containing a description of the property and evidences of debts assigned. The note being for the sum of $900, is described in the schedule as a note for $904. The evidence was introduced to explain this mistake or discrepancy, by showing that the note was in fact for $900, and that the protest fees amounting to the sum of four dollars, in making out the schedule, were added to the amount of the note. It is settled by the very highest authority that parol evidence for this purpose was admissible. *Pierce et al.* v. *Parker*, 4 Metcalf, 80 ; *Johns* v. *Church*, 12 Pick. 557.

The appellant next relied upon his discharge in bankruptcy, in May, 1843, as a defence in the court below, which was also adjudged insufficient. He had ample opportunity to make his defence at law before the judgment was recovered, and having failed to do so, he must be regarded as having waived his rights in this respect. His defence now must be confined to such matters as have arisen since the recovery of the judgment, and of which, according to legal or equitable principles, he would have a right to avail himself.

The other questions — the statute of limitations, and the invalidity of the deed when tested by the statute against fraudulent conveyances — require no special notice. The first clearly has no application to the case, and the last has been decided upon this same deed by this court, against the appellant. 11 S. & M. 555.

Decree affirmed.