RICHARD C. STOCKTON, APPELLANT, v. JAMES C. FORD.

In the case of Stockton v. Ford, reported in 11 Howard, 232, this court decided the following propositions, namely:—

"Where there was a judgment which had been recorded under the laws of Louisiana and thus made equivalent to a mortgage upon the property of the debtor, and the plaintiff assigned this judgment, and was then himself sued and had an execution issued against him, his rights under this recorded judgment could not be sold under this execution, because he had previously transferred all those rights.

"The attorney who had recovered the judgment which was thus recovered and assigned, and who stood as attorney to the assignee, was not at liberty to purchase it at the sale on execution, for his own benefit. The purchase enured to the benefit of the client."

And in the report of the case it is stated at page 234, that the assignment was made, inter alia, to cover the attorney's fees and other costs.

The court now decides,

1. That the present plaintiff being the same, the validity of the assignment, as to him, was decided in the former case.

2. The question, under the assignment, for attorney's fees was necessarily involved, and should have been made in the former trial. The former suit, therefore, constitutes a bar to the present.

3. The evidence now shows that no censure could be properly attributed to the attorney for his share in the transaction.

THIS was an appeal from the circuit court of the United States for the eastern district of Louisiana.

A full history of the transactions which led to the dispute, is given in the report of the case of Stockton v. Ford, 11 How. 232.

It was submitted, on printed arguments, by *Mr. Stockton* and *Mr. Johnson*, for appellant, and by *Mr. Duncan*, for appellee.

The arguments were so connected with the facts of the case, that it is impossible to give the points by themselves.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of the United States for the eastern district of Louisiana.

The bill was filed by the plaintiff to charge the plantation and slaves of the defendant with a judicial mortgage, originally obtained by one Prior, against the firm of N. and E. Ford and Co. The plaintiff claims an interest in this mortgage, first, by purchase on execution against Prior; and second, by a trust created in the assignment of the same by Prior, under which the defendant derived title to it. The bill sets out the sale of the mortgage and purchase by the plaintiff, and also the assignment of the same by Prior to Jones, and by him to the defendant. The assignment to Jones provided for the payment first of the attorney's fees and all other costs out of the proceeds of the judgment, and the balance to be applied to the debts of Prior for which Jones was responsible, and the surplus, if any, to the assignor.

The plaintiff prayed that the defendant might be decreed to pay the attorney's fees and costs on obtaining the judicial mortgage, according to the condition of the assignment; and, also, any balance that might be found due after satisfying the debts for which Jones was responsible.

The defendant, among other defences, set up a former suit in bar.

A previous bill had been filed by the plaintiff against the defendant, seeking to foreclose this judicial mortgage, in which the same title as in this case under the execution and sale against Prior was relied on. And among other defences to that suit, the defendant set up the assignment of the mortgage by Prior to Jones previous to the said sale on execution, and by Jones to the defendant.

This right of the plaintiff to the judicial mortgage under the sale on execution, and of the defendant under the assignments, were directly involved in that suit, and presented the principal questions in the case. The validity of the assignments over the claim of the plaintiff was maintained by the judgment of the court below, and which was affirmed on appeal to this court. 11 How. 232. This court, after a full examination of the pleadings and proof, say, "that in any view, therefore, that can be properly taken of the case, the plaintiff has shown no right or interest in the judicial mortgage, which he seeks to enforce against the plantation and slaves in question. The whole interest is in the defendant.

The court also observed, "that the assignment (to Jones) was made upon full consideration, without any concealment, or, for aught that appears, intent to hinder and delay creditors; and

was well known to the plaintiff long before he became the purchaser at the sheriff's sale.    It passed the legal interest in the judicial mortgage out of Prior, and vested it in Jones, as early as the 12th of March, 1840, and we are wholly unable to perceive any ground of equity in the plaintiff, or of those under whom he holds, for disturbing it through a judgment against the assignor, rendered nearly two years afterwards.    The sheriff's sale, therefore, could not operate to pass any interest in it to the plaintiff."

One of the questions now sought to be agitated again is precisely the same as this one in the previous suit; namely, the right of the plaintiff to the judicial mortgage under the execution and sale against Prior.    The other is somewhat varied; namely, the equitable right or interest in the mortgage of the plaintiff, as the attorney of Prior, for the fees and costs provided for in the assignment to Jones.    But this question was properly involved in the former case, and might have been there raised and determined.    The neglect of the plaintiff to avail himself of it, even if it were tenable, furnishes no reason for another litigation.    The right of the respective parties to the judicial mortgage was the main question in the former suit.    That issue, of course, involved the whole or any partial interest in the mortgage.    We are satisfied, therefore, that the former suit constitutes a complete bar to the present.

The court, in the former suit, also expressed the opinion that the plaintiff was not in a situation to maintain his claim of title to the mortgage under the execution and sale against Prior; as it appeared in that case that he was the attorney of Prior in the judicial mortgage, and stood in that relation to Jones at the time of the purchase, and, for aught that appears, had made the purchase without his knowledge or consent; and that, under such circumstances, the purchase would enure to the benefit of the client and those holding under him.

It is due to the plaintiff to say, that the evidence in this case, explanatory of the point in the former, shows that he did not stand in the relation of attorney to Jones at the time of the sale; or, at least, had no reason to suppose that he stood in that relation ; and that no just ground for censure exists in the transaction against him—the explanatory evidence has fully removed it.

We think the decree below is right, and should be affirmed.