## FARWELL *et al. v.* BROWN *et al.*

(*Circuit Court, D. Indiana.* July 21, 1888.)

JUDGMENT—RES ADJUDICATA.

Where, in foreclosure proceedings against the husband's property under a mortgage to the wife, his creditors are permitted to become parties defendant, and by cross-bill they seek to recover judgment against the husband, and to have the mortgage notes to the wife declared fraudulent and without consideration, and the court on the trial strikes out all the evidence on the question of fraud as not being properly raised on the pleadings, and decrees for the wife, the controversy between them becomes *res adjudicata*, and such creditors cannot maintain an action against her to annul the mortgage, and to ,hold her as a trustee for creditors of the proceeds of the mortgaged property.

In Equity. On plea to the bill.

The complaint is in the nature of a creditors' bill, whereby the complainants, J. V. Farwell & Co., of Chicago, and Woods, Perry & Co., of Boston, as creditors of Francis M. Brown, seek to have the defendant Cornelia Brown declared trustee for their use of moneys derived from the sale on foreclosure of goods mortgaged by said Francis M. Brown to the said Cornelia, his wife, on the alleged ground that the mortgage was made in fraud of the complainants and other creditors of the husband. The complaint shows that the complainants, upon their own motion, were admitted as parties defendant to the proceedings in foreclosure, which were had in the state court in the Muncie circuit, and that in that court they were given judgments for the respective amounts due them against Francis M. Brown, but it was held and adjudged by the court "that the question of the *bona fides* of the said mortgage as to these complainants was not in issue, and was not tried or adjudged in said proceedings, but the same remained open and undecided." In an amendment to the bill more specific references and statements in respect to the proceedings in the state court are made, to the effect that the question of the validity of the mortgage was excluded from consideration by the court. The complainants, it is also shown, appealed the case to the supreme court, which affirmed the judgment and decree of the circuit court. For the opinion, see *Bank* v. *Brown*, 14 N. E. Rep. 358. The plea sets out a transcript of the proceedings and judgment of the state court, and asserts that by force thereof the issues tendered here were finally adjudged, and the complainants estopped from their further presentation. It appears from the transcript that, having been admitted as defendants in the case, the complainants filed a cross-bill against Francis M. and Cornelia Brown and other parties, wherein, upon averments less full,

but of the same general scope as those contained in their bill here, they asked to have the mortgage declared fraudulent and void, and the mortgaged property subjected to the payment of their demands. Issues of law and of fact were joined upon this cross-bill and other pleadings in the case, and trial had before the court, which made the following finding:

"The court finds for the plaintiff, Cornelia A. Brown, upon her complaint in this cause, and that she is entitled to a foreclosure of the mortgage set out, etc. And as to all other questions and issues presented and raised by, under, and upon the cross-complaint of the said parties composing the firm of J. V. Farwell & Co., the court finds for the plaintiff, the said Cornelia A. Brown."

This finding, and the decree upon it, were entered at the June term of the court, 1885, the hearing having been had at the previous term in May. Pending that hearing, as is alleged in the amendment to the bill, the plaintiff therein, the said Cornelia, moved "to strike out of the evidence in the cause all the testimony, and all other evidence admitted upon the trial, which proves or tends to prove in any manner whatever the fraudulent character of the mortgage executed by the said Frank M. Brown to the said Cornelia A. Brown, because the cross-complaint of complainants was insufficient in averment to present the issue;" and afterwards a bill of exceptions was signed and made a part of the record, showing "that at the time of announcing his finding and judgment the court sustained said motion to strike out the testimony, and all other evidence admitted upon the trial, which proves or tends to prove in any manner whatever the fraudulent character of the mortgage executed, etc., and did not consider the same, or any part thereof, in making up his finding and judgment, because the fraudulent character of said mortgage was not triable, and was not tried in this action." The opinion of the supreme court, so far as pertinent to the present discussion, is as follows:

"The cross-complaint is good as against Francis M. Brown. It is not good as against the appellee, (Cornelia,) so far as it attempts to charge her with fraud; but it is good so far as it shows that she claimed an interest in the property in controversy. The demurrer to it was therefore properly overruled. But in overruling this demurrer the trial court did not decide in advance that it would receive evidence tending to prove that the mortgage was executed to defraud creditors. * * * It cannot, therefore, be justly assumed that the court misled the appellants. A party who files a bad pleading, and not the court, is in fault. The appellants were in fault in not making their cross-complaint sufficient for all that they desired to accomplish. * * * As there was no pleading entitling the appellants to introduce the evidence struck out, we cannot condemn the ruling of the trial court."

It is further to be noted that the Muncie National Bank, holding a mortgage upon the goods of Francis M. Brown, junior to that of Mrs. Brown, had procured the appointment of a receiver, who had taken possession of the goods, and that bank and the receiver so appointed were made defendants to the action of Mrs. Brown.

*Flowers, Remy & Holstein* and *Harris & Calkins*, for complainants.

The statute declares that a bill of exceptions "shall be a part of the record." Rev. St. 1881, § 629. A bill of exceptions is not only an absolute verity, but it controls the record. *Pace* v. *Oppenheim*, 12 Ind. 533; *Jelley* v. *Roberts,*

50 Ind. 8; *Carmichael* v. *Shiel*, 21 Ind. 66. By this bill of exceptions, made at the time of announcing the finding and judgment, the court declared, at the instance of Mrs. Brown, that he laid all question of fraud out of the case. This was equivalent to the court dismissing that part of the cross-complaint. The court declared that it would not try to decide the merits of the fraudulent character of the mortgage; and, inasmuch as Mrs. Brown procured this action, she is bound by it; because, where one has a right of election and chooses one course, he cannot thereafter take the other. She might have permitted the court to pass on the merits of the question, because the objections to the pleadings were, in the language of Mr. Ryan, technical; and with judgment the pleadings would have been good. It is well settled that where the record discloses that a question of fact went out of the case on a technicality, and therefore the court did not pass upon the merits, that it is no bar to a new action well stated. *Paine* v. *State*, 7 Blackf. 206; *Estep* v. *Larsh*, 21 Ind. 190; *Athearn* v. *Brannan*, 8 Blackf. 440; *Cutler* v. *Cox*, 2 Blackf. 178; *Griffin* v. *Wallace*, 66 Ind. 417. In considering whether a case went off on a technical ground or on the merits, the court will look at the law as it was then understood by the bench and bar. *Foster* v. *Busteed*, 100 Mass. 409, (a foreclosure case.) All must agree that the question of fraud was never tried. And this narrows the inquiry to the point whether we were bound to present it in that case. We had no mortgage, judgment, or other lien upon the property, nor were we ever made parties to Mrs. Brown's complaint. Nor did she ever make any charge or challenge against us. We were permitted to defend. In our answers we attacked the amount of her debt by pleading no consideration and payment. This did not put in issue the integrity of the mortgage. Of course, if there was no debt, or if it were lessened by operation of law, the mortgage would be reduced accordingly. But under these answers no evidence could be offered concerning the mortgage. The cross-complainant sought—*First*, to recover judgment against the husband; *second*, it described the notes upon which Mrs. Brown sued, and charged that they were without consideration, and therefore the mortgage should not be enforced. The property, as shown by the cross-complaint, was then in the custody of the court, and we could acquire no lien upon it by execution or otherwise. All matters relating to the fraud are considered as out of the cross-complaint. Now, the precise question is, were we bound in law, if we attacked the amount of Mrs. Brown's demand in that action, to make any other attack which the law permits? It seems to us that there is a distinction between a defendant challenged to bring forward any claims he may have upon property, and a case where a creditor attacks both the amount of the debt and the validity of the security held by another. A man may take a judgment on a secured note, and afterwards by another suit foreclose the mortgage. In the suit upon the note the maker might interpose an answer as to the amount of the debt, and to the mortgage he might plead another answer, that it was obtained by fraud. This shows that the debt is one subject-matter, and the mortgage another subject-matter. So, where a man has a claim which he may use for a defense, he is not bound to use it as a defense, but may use it in attacking. Freeman on Judgments says: "Thus, where a defendant, sued for the price of a horse, set up as a defense a breach of warranty of soundness of the horse, and failed to appear at the trial, and judgment was rendered against him, he was allowed afterwards to recover of the plaintiff for the same breach of warranty, because this was an affirmative cause of action which the defendant had a right to litigate as plaintiff." Section 272. In *Ulrich* v. *Drischell*, 88 Ind. 359, it is said: "It is not universally true that, where a party has an opportunity to litigate a question and neglects to avail himself of it, that the judgment is conclusive. The test is whether he is bound to set up all his defenses."

Now, this case is peculiar. The property was in the custody of the law. Brown was insolvent; and, while he had not made an assignment, yet the general creditors had an interest, not only in this property, but in disputing the amount of Mrs. Brown's claim. If the amount of that claim could be reduced or extinguished, the creditors would get a larger division on distribution. Therefore they had one cause of action to resist her claim against the receiver in this suit, because a judgment against her husband in a suit to which the receiver was a party would establish the amount of the debt when presented in the other case; and, if the property did not sell for enough to pay Mrs. Brown's judgment, she could provide for the residue, and share in any other property coming into the hands of the receiver not covered by the mortgage. Creditors are often required to plead *inter sese.* If in a receivership creditor A. presents a claim secured by mortgage on the property, creditor B. might attack the amount, and creditor C. the security or mortgage; or one creditor might do both. But if one creditor does the one, is he estopped thereafter from doing the other? It certainly was understood by the bar and bench, at the time these proceedings were had, that a mortgage could be foreclosed against a receiver, and the property sold without special permission. I doubt if *Gilbert* v. *McCorkle,* 110 Ind. 215, 11 N. E. Rep. 296, changes the rule, as that question seems not to have been contested. Now, we were not asserting specific liens on this property in our behalf, but only resisting the amount of an alleged lien. This did not bring before the court the question as to the fraudulent character of the mortgage. Mrs. Brown had no right to foreclose the mortgage against us; but we had a right to attack both the amount of her debt and the validity of her mortgage, not as lienors, but as general distributees. The evidence touching the amount of the debt would not affect the integrity of the mortgage, and *vice versa.* *Harding* v. *Hale,* 2 Gray, 399, illustrates the principle. So, here, Mrs. Brown cannot say, "You brought your action to set aside a mortgage for fraud, and failed because I objected to that question on a technical ground, and now you shall not try it on a good ground." When the matter in the first suit is ruled out as inadmissible under the pleadings, such matter is not *res adjudicata.* 2 Smith, Lead. Cas. 673; Freem. Judgm. § 263; *Baker* v. *Rand,* 13 Barb. 152.

*Ritter & Ritter,* for defendants.

WOODS, J., (*after stating the facts as above.*)   It is the well-settled rule of practice in Indiana that in an action of foreclosure a party defendant must bring forward for adjudication whatever right or interest he may have or claim in the mortgaged property, and that, in default of so doing, the decree, though silent on the subject, will be deemed as effective to bar the right as an express adjudication could be made. *Ulrich* v. *Drischell,* 88 Ind. 354; *Hose* v. *Allwein,* 91 Ind. 501.   In addition counsel have cited the following: *Tate* v. *Hunter,* 3 Strob. Eq. 139; *Stockton.* v. *Ford,* 18 How. 418; *Binck* v. *Wood,* 43 Barb. 320; *Hotel* v. *Parker,* 58 Mo. 327; *Covington* v. *Sargent,* 27 Ohio St. 237; *Prentiss* v. *Danaher,* 20 Wis. 314; *Insurance Co.* v. *Sixbury,* 17 Hun, 424; *Loring* v. *Mansfield,* 17 Mass. 394; *Barksdale* v. *Greene,* 29 Ga. 420; *Dewey* v. *Peck,* 33 Iowa, 242; *Murrell* v. *Smith,* 51 Ala. 305; *Kelly* v. *Donlin,* 70 Ill. 378; *Hatch* v. *Garza,* 22 Tex. 177; *Marsh* v. *Mandeville,* 28 Miss. 128.   Counsel for complainant, not disputing this rule, contend that it does not apply, because, as the record shows, the court, at the instance of the respondent, (complainant in the action referred to,) ruled that the issue was not

tried, and could not be tried in that action, and struck out the evidence adduced on the subject. Freem. Judgm. § 278. If the record bore out this proposition of fact, the court could not but agree with counsel, but upon close examination it does not appear that the state court ruled, and, indeed, it could not have ruled, on the record before it, that an issue could not have been formed in the case upon which the question of the validity of the mortgage as between complainants and Cornelia Brown could have been determined. The motion made to strike out the evidence involved no such proposition, but, by implication at least, indicated the opposite view; and when the court said or held that the "fraudulent character of the mortgage was not triable," the meaning was "not triable upon the issues made," and this the supreme court affirmed on appeal, and declared the appellants at fault for not having presented the issue in a proper way. That decision, whether right or wrong, concludes the point between the parties here. The legal effect of this record therefore is, not that the complainants were denied a trial of the issue now tendered by an improper ruling of the court made at the instance of their adversary, but that no such issue was before the court; and consequently, under the rule stated, the rights involved must be deemed to have been settled and denied by the decree, as if the issue had been properly formed and determined adversely to the complainants. The fact that the complainants were not made parties originally, but were admitted to defend upon their own motion, if of any special significance, would seem to add emphasis to the requirement that they should have brought forward in that suit every cause for attack upon the mortgage which they had. It was certainly not competent for them to assail it for want of consideration,—if that be the proper construction of their cross-complaint,—and hold in reserve for another attack the charge of fraud, as distinguished from want of consideration. Indeed, the attack now sought to be made on the ground of fraud is predicated largely on "want of consideration." If the objection made by Mrs. Brown to the cross-complaint was technical, and might have been waived so as to permit a valid adjudication of the question of fraud as if well pleaded, it is also true that, the objection having been made and, as the supreme court of the state has said, well made, the complainants might have obviated it by proposing the necessary amendment of their cross-bill, and, not having done this, must be presumed to have chosen to abide by the issue as made, however technically construed. Plea sustained.