(110 So. 96)

No 26041.

## PILSBURY v. TYPHOON FAN CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

Evidence ⬥455—Oral testimony held admissible to show meaning of phrase providing for return to seller of cooling system within "two years from date."

Where contract of sale of cooling system provided that buyer could return to seller equipment two years from date, and that seller would pay certain price therefor, expression "two years from date," in view of admission of counsel of defendant that return of equipment within reasonable time after expiration of such time would be compliance with contract, was ambiguous, ·and oral testimony was admissible to show meaning thereof.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by A. L. Pilsbury against the Typhoon Fan Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Eugene S. Hayford, of New Orleans, for appellant.

E. A. Parsons, of New Orleans (J. L. Warren Woodville, of New Orleans, of counsel), for appellee.

BRUNOT, J. Defendant appealed from a judgment condemning it to pay the plaintiff $2,250, with interest from judicial demand,. maintaining plaintiff's attachment, ordering the sale of the property attached and the payment out of the proceeds thereof of plaintiff's. claim, interest, and the costs by preference and priority over other creditors.

Plaintiff bought a cooling system from defendant and had it installed in premises which he occupied under a lease. The purchase price of the system was paid, partly in cash and the balance in installments. The agreement of the parties was reduced to writing and signed by them. The contract contains the following clause:

"It is further agreed that you may give back this equipment to us two years from date, and we have hereby agreed to pay the sum of $2,700 for the entire equipment."

The only question which is presented in the case is whether the quoted clause of the contract is so clear and explicit that it needs no interpretation.

Defendant admits that plaintiff would be entitled to a judgment as prayed for in the petition if he had returned or tendered the return of the equipment to defendant two years from the date of the contract; but it is contended that, as plaintiff's lease terminated and the equipment was tendered to defendant several months before the expiration of the two years, this suit, under the express terms of the contract, should be dismissed. The learned trial judge, over the objection of defendant, admitted oral testimony to show the intention of the parties with respect to the quoted provision of the contract. The objection was urged upon the ground that the quoted provision was unambiguous

and needed no interpretation, and its provisions could not be varied or altered by oral testimony.

The contention is that the contract fixes a definite and specific date on which the return of the equipment shall be tendered, but counsel for defendant admitted in his argument that a tender within a reasonable time after the expiration of that date would be a compliance with the contract. It seems to us that this admission is conclusive of the fact that the words "two years from date," as they appear in the contract, call for an interpretation of those terms and require the introduction of proof to show the intention of the parties to the contract, and therefore the trial judge correctly ruled that oral testimony was admissible for that purpose. It is not necessary to review the oral testimony which was admitted on this point, because all of it, including the testimony of defendant's president and salesman, shows that it was the intention of the parties to the contract that plaintiff could return the equipment at any time within two years from the date of its purchase.

On this showing, the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.