(118 So. 70)

No. 28481.

## TYPHOON FAN CO. v. PILSBURY.

April 25, 1927.

On the Merits, July 2, 1928. Rehearing Denied July 20, 1928.

Feitel & Feitel and N. H. Polmer, all of New Orleans, for appellant.

Edward A. Parsons, of New Orleans, for appellee.

### On Motion to Dismiss.

OVERTON, J. Plaintiff has appealed from a judgment sustaining a plea of res adjudicata, and defendant has moved to dismiss the appeal. The grounds urged for dismissing the appeal may be summed up as follows: (1) That the appeal is frivolous; (2) that it is taken solely for the purpose of harassing defendant and delaying the execution of a final judgment, rendered by this court, in a suit between the same parties (162 La. 81, 110 So. 96), whereby plaintiff is seeking to try anew the issues disposed of in that suit.

█ As to whether or not the appeal is frivolous, and is taken merely for the purpose of harassing the appellee and of delaying the execution of a judgment, necessarily involves

an inquiry into the facts and merits of the case. Where a motion to dismiss is based upon grounds requiring such an inquiry, the motion will be denied, and the appeal will be heard regularly upon its merits. Baker v. Frellsen, 32 La. Ann. 822; Thomas v. Guilbeau, 35 La. Ann. 927; Pasley v. McConnell, 39 La. Ann. 1097, 3 So. 484, 485; Drewes & Co. v. Ham & Seymour, 157 La. 861, 103 So. 241; John Barkley & Co., Limited, v. Ham & Seymour, 157 La. 872, 103 So. 245; Succession of Damico, 161 La. 725, 109 So. 402; Succession of Pavelka, 161 La. 728, 109 So. 403.

The motion to dismiss is overruled.

### On the Merits.

LAND, J. In suit No. 26041 on the docket of this court, entitled A. L. Pilsbury v. Typhoon Fan Co., 162 La. 81, 110 So. 96, plaintiff obtained a judgment against defendant company in the full sum of $2,250, maintaining the writ of attachment therein issued, and ordering that the property seized be sold, and that plaintiff's claim be paid by preference over all other creditors. This judgment was affirmed on appeal in Pilsbury v. Typhoon Fan Co., 162 La. 81, 110 So. 96.

On March 9, 1921, A. L. Pilsbury entered into a written contract with the Typhoon Fan Company for the purchase of two fans with equipment at the price of $6,000. A clause in this contract reads as follows:

"It is further agreed that you may give back this equipment to us two years from date, and we have hereby agreed to pay you the sum of $2,700 for the entire equipment."

One of the fans was not installed, and the amount to be refunded was reduced to the sum of $2,250.

In suit No. 26041, A. L. Pilsbury alleges his right to return the equipment within two years from the date of the contract and amicable demand made in vain upon defendant company to redeem the equipment, and to refund to him the amount due him under the contract.

In the answer of the Typhoon Fan Company in suit No. 26041, it is admitted in article 6 that—

"Plaintiff has requested that he be refunded the sum of $2,250 and that defendant has refused said amount, and has advised plaintiff the reasons for said refusal, and repeatedly called plaintiff's attention to the conditions of the written contract filed herein and made a part of plaintiff's petition, which contract provides that said refunding will be made on the 9th day of March, 1923, *on the plaintiff's returning of said equipment.*" (Italics ours.)

Defendant company, in suit No. 26041, further alleges in its answer that:

"*Plaintiff has not complied with said contract,* and does not allege compliance in his petition, while defendant has fully complied with the written contract made with herein defendant." (Italics ours.)

The only relief prayed for by the Typhoon Fan Company in suit No. 26041 is "for judgment in its favor and against A. L. Pilsbury, the plaintiff herein, rejecting the said plaintiff's demand with costs."

The only issue raised on appeal in suit No. 26041, Pilsbury v. Typhoon Fan Co., 162 La. 81, 110 So. 96, was as to the right of plaintiff to introduce parol evidence to explain the intention of the contracting parties; the contention being that the terms of the contract were ambiguous as to time of compliance by plaintiff. This issue was decided in the affirmative, the right of plaintiff to sue within the two years from the date of the contract was recognized, and the judgment appealed from was affirmed, and became final October 5, 1926.

On November 24, 1926, after the judgment rendered in suit No. 26041 had become final, the Typhoon Fan Company instituted the present suit, No. 28480, in which it attempts to recover from defendant, A. L. Pilsbury, the sum of $3,200 for the fan equipment, upon the allegation that plaintiff company had demand-

ed its delivery and defendant had failed and refused to deliver the property.

Petitioner in the present suit, No. 28480, "asks that there be judgment in its favor, condemning and ordering the defendant, A. L. Pilsbury, to deliver or return to the Typhoon Fan Company the above-described equipment, or that, alternately,, upon failure of the said iA. L. Pilsbury to deliver or return the abo,ve equipment to petitioner herein, that there be judgment in favor of petitioner for the value thereof, namely $3,200."

The demand of plaintiff was accompanied by a writ of attachment under which it was attempted to seize all of the right, title, or interest of A. L. Pilsbury in the judgment obtained by him in suit No. 144069 in the civil district court April 2, 1923, and affirmed by this court October 5, 1926, under No. 26041 on its docket.

Alleging in suit No. 28480 that A. L. Pilsbury had caused a writ of fieri facias to be issued in execution of the judgment obtained by him, and that the civil sheriff of the parish of Orleans had seized and held in his custody the fan equipment, the Typhoon Fan Company made that officer garnishee, and prayed for judgment ordering A. L. Pilsbury to deliver or return to said company the equipment under seizure, or, in the alternative, that there be judgment in favor of petitioner and against A. L. Pilsbury for the sum of $3,200, the value of the equipment, 'that the writ of attachment be maintained, and that the property or judgment be sold, and that petitioner's claim be paid by preference.

The civil sheriff answered that he did not have the judgment in his possession, but that, under a writ of execution issued in the case of A. L. Pilsbury ,v. Typhoon Fan Company, No. 144069 in the civil district court, he had seized certain property contained in the premises No. 1046 Camp street, consisting of office furniture, typhoon fans, shafting, pulleys, and miscellaneous articles pertaining to said typhoon fans, and that only in that case could any disposition of the property be made.

On December 2, 1926, a motion to dissolve the writ of attachment was filed by A. L. Pilsbury on the ground of the falsity of the allegations upon which the writ had been obtained. On the trial of this motion no attempt whatever was made by plaintiff company to maintain a single ground upon which the writ of attachment had been issued. On December 17, 1926, the writ was dissolved, and the right to sue for damages reserved in the judgment to A. L. Pilsbury, plaintiff in motion. From this judgment the Typhoon Fan Company appealed on December 23, 1926.

On December 3, 1926, defendant, A. L. Pilsbury, filed exceptions of no right or cause of action in suit No. 28480, and also pleaded as res judicata the judgment obtained by him in suit No. 144069 in the civil district court, and the final judgment of this court affirming this judgment in Pilsbury v. Typhoon Fan Co., 162 La. 81, 110 So. 96.

On January 4, 1927, the Typhoon Fan Company, in suit No. 28481, filed a motion to release and dismiss the seizure under writ of fieri facias issued by Pilsbury in suit No. 144069 of the civil district court, on the ground that said company in suit No. 166108, No. 28480 of our docket, had obtained a writ of attachment and garnishment, seizing in the hands of the civil sheriff for the parish of Orleans all the right, title, or interest of A. L. Pilsbury in and to his judgment obtained against the Typhoon Fan Company under proceedings No. 144069 in the civil district court.

This motion was filed in division E of the civil district court, although the writ of fieri facias had been issued by A. L. Pilsbury in division D of that court.

In answer to this rule or motion, the civil sheriff for the parish of Orleans admitted the seizure and attachment by the Typhoon Com-

pany, but excepted to the proceeding on the ground that division E of the civil district was without jurisdiction in the premises, and could not affect in any way the writ of fieri facias issued by A. L. Pilsbury in suit No. 144069 in division D of that court.

Judgment was rendered in suit No. 28481 on January 20,. 1927, dismissing the motion to release the seizure under fieri facias, and maintaining the plea of res judicata filed by the defendant, A. L. Pilsbury, on December 2, 1926. From this judgment the Typhoon Fan Company has appealed.

■ As the Typhoon Fan Company has shown no legal ground for the attachment of the judgment of A. L. Pilsbury, or the property then under seizure by him, the writ of attachment issued herein in suit No. 28480 was properly dissolved, with reservation to defendant, A. L. Pilsbury, of the right to sue for damages.

■ The plea of res judicata tendered by defendant company was also properly maintained. In suit No. 144069 in the civil district court, A. L. Pilsbury v. Typhoon Fan Company, defendant company had the right to insist in its answer upon a judgment in its favor requiring delivery by plaintiff of the equipment seized, as a condition precedent to the payment by defendant company to plaintiff of the redemption price, or, in the alternative, to claim the value of the equipment. But defendant company in that suit did not so insist, but contented itself with attacking the right of plaintiff to recover, on the ground that he had not complied with his contract by the delivery of the property to defendant company before asking for the refund of the part of the purchase due to him under the contract, and by praying only that plaintiff's demand be rejected because of his noncompliance with the contract.

It is clear that the question raised for the first time by defendant company in suit No. 28480, as to its right to be protected by the delivery of the property at the time of payment of the repurchase price to plaintiff, and as to its relief, in the alternative, of being restored the value of the property not returned, was an issue that was pertinent in suit No. 144069 in the civil district court, and that such issue might have been raised, and should have been raised, at the time by defendant company as a matter for its own protection, in the event of the refunding of the part of the purchase price to be paid to plaintiff under the contract.

The basic principle of res judicata is found in the necessity that a time should come when litigation shall cease in order that the decree of the court may be carried out. State v. American Sugar Refining Co., 108 La. 603, 32 So. 965.

A party litigant, whether plaintiff or defendant, is bound to set up whatever title or defense may be at his command, or within his knowledge, and is not at liberty to reserve what he pleases and make it the basis of a new litigation. If this were not the case, litigation would be endless. Gajan v. Patout & Burguieres, 135 La. 157, .65 So. 17.

Where a question was properly involved in a former case, and might have been raised and determined, the neglect of a party to avail himself of it will not justify another litigation concerning the same right which was at issue in the previous suit. Stockton v. Ford, 18 How. 418, 15 L. Ed. 395; Barbarich v. Meyer, 154 La. 328, 97 So. 459; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 547, 46 So. 622; Bauman et al. v. Pennywell et al., 160 La. 555, 107 So. 425.

The judgments appealed from are affirmed.