**ANTLEY v. FEDERAL LAND BANK OF NEW ORLEANS et al.**

**No. 5079.**

Court of Appeal of Louisiana, Second Circuit.

Dec. 13, 1935.

Tobin R. Hodge, of Rayville, for appellants.

W. D. Cotton, of Rayville, for appellee.

MILLS, Judge.

The record in this case discloses that H. J. Coenen was manager of the Richland Planting Company, Inc., with authority to make for it purchases and sales. Tom Antley was a share cropper on its plantation for the season of 1934. This land was seized and Antley served with notice on June 18, 1934, in the foreclosure suit of Federal Land Bank vs. Louis M. Cook et al., brought in the district court of Richland parish. It was duly sold on November 10, 1934, for a sum insufficient by more than $5,000 to satisfy the judgment.

On September 15, 1934, Tom Antley purchased from the company six mules which were on, and had been used in the cultivation of, the place. The bill of sale reads as follows: "We herein sell to Tom Antley six mules described below for the sum of Three Hundred and Sixty Dollars ($360.00), acknowledging receipt today of One Hundred and Eighty Dollars ($180.00) in cotton from 1934 crop, the balance of $180.00 to be paid to us out of 1935 cotton crop."

The testimony of plaintiff and of H. J. Coenen, supported by his account book filed in evidence, is that the original payment was actually taken out of the return from nine bales of cotton made by Antley. Vendee took possession of the mules, and upon being ejected from the land in January, 1935, removed them to the Brumley place near Delhi, where, on February 1, 1935, they were seized as the property of the Richland Planting Company by the Federal Land Bank

under its deficiency judgment. Antley filed affidavit of ownership, but the bank gave bond and was proceeding to execute.

The present suit was then brought by Antley, who, after asserting his ownership, prays that the sale be enjoined and for damages consisting of $75 attorney's fees, $5 traveling expenses in connection with the seizure, and $25 per day for the loss of the use of the mules.

Defendant answered, attacking the sale as a simulation and void; or, in the alternative, as in fraud of creditors and subject to revocation.

After hearing of a rule nisi, a temporary injunction issued which, upon the submission of the case on the merits, without further hearing was made permanent, and plaintiff granted damages in the sum of $75 as attorney's fees.

From this judgment defendant has appealed, and plaintiff has answered, praying that the damages be increased to the amount demanded.

Defendant's case is strong in suspicion, but weak in actual proof. Its most persuasive circumstance is the interest taken by Coenen in the 1935 farming arrangements of Antley, and a statement made by him in renting land that he, Coenen, had six mules and the necessary tools for three families, and that he would advance them for the season. Coenen says that without this assurance he could not have obtained the lease and that his interest in Antley was due to the fact that the balance of the price of the mules was to be paid out of the 1935 cotton crop, a reasonable explanation. It is also shown that Antley had farmed with Coenen for seven years and looked to him for guidance.

We think the insolvency of plaintiff's vendor is sufficiently established by the fact that it had owned nothing but the plantation, the sale of which resulted in the deficiency judgment. Antley admits knowledge of that judgment when he bought the mules. They were the first mules he had owned. He apparently had no immediate use for as many as six.

■ Counsel for defendant argues that these suspicious facts create a presumption of fraud sufficient to sustain the seizure. Fraud can only be imputed from legal evidence and only when that evidence is strong and conclusive. Civil Code, art. 1848; Strauss v. Insurance Co., 157 La. 661, 102 So. 861.

■ To sustain the charge of fraud, it must be found that the testimony of plaintiff and his witnesses is wholly false, and that the books of vendor are fabricated. The issue presented is one of credibility and of fact, which was decided by the trial judge in favor of plaintiff. We think that judgment correct; that the positive proof of payment of half the price and delivery outweighs the suspicious circumstances, the explanation of which is not wholly unreasonable.

■ Traveling expenses incurred in the defense of a suit are not an element of damage. Osborn v. Moore, 12 La.Ann. 714.

■ Attorney's fees, in cases of unlawful seizure, are. Gilkerson-Sloss Commission Co. v. A. Baldwin & Co., 47 La. Ann. 696, 17 So. 246.

There is no definite proof of damage caused plaintiff by the loss of the use of the mules.

For the reasons above assigned, the judgment appealed from is affirmed.