LOTTINGER, Judge.
This is a suit wherein the petitioner seeks a judgment annulling a prior decree rendered against the petitioner herein and in favor of the defendant herein. The record discloses that in the said prior suit, the Calcasieu Frozen Foods, Inc., who are the present defendants, filed a suit against the present petitioner upon a promissory note. It was alleged in said suit that the petitioner was a non-resident of the State of Louisiana, and jurisdiction was obtained by virtue of a writ of attachment therein upon certain real property belonging to the present petitioner which is situated in the Parish of Calcasieu,' Louisiana. The note sued upon in said prior suit was secured by an act of chattel mortgage on a food freezer. The writ of attachment was issued and an attorney ad hoc was appointed to represent the alleged absent defendant who is a petitioner herein. Trial on the matter was held and the Court entered a judgment in favor of the present defendant and against the present petitioner, which judgment provides for recognition of the chattel mortgage, sale of the freezer, and also provides as follows:
“It is further ordered, adjudged, and decreed that should the proceeds of said sale not suffice to satisfy this judgment in principal, interest, attorney’s fees, and costs of Court, that the balance thereof, remain due and ex-ecutory against the defendants, provided that any such deficiency shall be in rem, and shall be limited solely to the property attached in this suit and more fully described in the body of the petition on file herein.”
The property which was subject to the chattel mortgage' was subsequently sold at Sheriff’s sale.
The petitioner now files this suit claiming the nullity of the prior judgment, the basis of said claim being that at the time of the original suit, the plaintiffs were residents of the Parish of Calcasieu, Louisiana, and thereby claiming that they were never legally cited in the original suit nor did they ever enter an appearance nor join issue in said suit. The petitioner asks for judgment annulling the original judgment and dissolving the writ of attachment and seeking a writ of injunction restraining the sale of the real property which was subject to the writ of attachment.
A restraining order was issued in accordance with the prayer of petitioner and a rule was issued directing defendant to show cause why a preliminary writ of injunction should not issue in the matter.
The defendant filed an exception of no cause of action, whereupon the petitioner secured a Court order to continue the temporary restraining order in effect until hearing on the exceptions.
The exceptions came up for hearing before the trial Judge on October 31, 1957. *101 At the said hearing, the attorney for petitioner herein offered the entire record of the original suit into evidence, which offering was joined into by the defense counsel. Trial of the matter was never set on the merits nor did the trial Court render a judgment on the exceptions. The Lower Court, however, did render a judgment on the merits wherein the original judgment was declared to be a judgment in rem only and limited to a frozen food freezer, and further restraining defendant from seizing or selling any other property of petitioner to satisfy the judgment obtained in the original suit. Said judgment by the Lower Court was actually a judgment on the merits of the case, although no trial was ever held on the merits. Both parties have appealed. .
There is no question but that the grounds alleged by petitioner are sufficient basis for an action in nullity. Article 606 of the Louisiana Code of Practice lists as one of the vices of form for which a judgment can be annulled as follows:
“If the defendant, although qualified to appear in a cause, have been condemned by default, without having been cited.”
In the present suit the petitioner claims that he was never legally cited in the original suit. This is true if he was a resident of the Parish of Calcasieu at the time of said suit because in said event he should have been personally cited. The only ground upon which the attachment was issued in the original suit was because the defendant therein was alleged to be a nonresident of the State of Louisiana.
Therefore, under the basis of Article 606 of the Code of Practice we believe that the proper remedy of the petitioner herein is by action of nullity, and not an appeal from the original judgment as is claimed by defendant. Collins v. McCook, 17 La.App. 415, 136 So. 204, 205.
The primary question involved here is whether or not the petition did set forth a cause of action. Of course, if the petitioner can now show that he was a resident of the State of Louisiana at the time of the original proceeding, it appears that he has a good cause, and without a trial on the merits at which testimony will be adduced to show the residence of petitioner at the time of the original suit, it is impossible to determine whether or not the citation in the original suit was valid or not. It appears that the Lower Court was grossly in error in the judgment rendered by it because it went into the merits of the matter without the benefit of any evidence or testimony. Certainly the petitioner is entitled to his day in Court to attempt to prove his demand.
The Courts of this state are without power to render a judgment upon the merits after only a hearing on the exceptions, as the merits of the case were not placed at issue. Wood v. Henderson, 2 La.Ann. 220; State ex rel. Negrotto v. Judges of Court of Appeal, 45 La.Ann. 1437, 14 So. 419. In the original suit a judgment by default was rendered. No evidence was presented on behalf of the petitioner herein. Furthermore, no evidence has been presented in the present matter as to whether or not the petitioner was a resident of the State of Louisiana at the time of the original suit. It is therefore our opinion that the Lower Court should have overruled the exception of no cause of action and set the matter for hearing on the merits. The petition discloses a valid cause of action.
The petitioner now contends that insofar as the defendant filed an answer to the merits after the judgment and before the appeal the matter is now at issue on the merits, and such action on his part should be treated as a waiver of trial on the merits so as to empower this Court to render a final judgment. No authorities have been cited in support of this contention, however, and we certainly are not able to render a judgment without any evidence.
*102 It is therefore our opinion that the judgment below should be reversed so as to overrule the exception of no cause of action and the matter should be sent back to the Lower Court for trial on the merits, all costs of this appeal to be paid by the plaintiff herein.
Reversed and remanded.