LOTTINGER, Judge.
This is a suit filed by James Jacobs, Jr., and wife to nullify a previous judgment secured against them by the defendant, Calcasieu Frozen Foods, Inc. The Lower Court awarded judgment in favor of petitioner, nullifying the judgment, but also allowed a reconventional demand which *146 was filed by the defendant. The petitioner has taken this appeal.
The record discloses that petitioners had executed a promissory note and a chattel mortgage on a food freezer in favor of the defendant. The defendant filed suit against petitioner on the promissory note and mortgage, alleging that Jacobs was a non-resident of the State of Louisiana, and obtained jurisdiction by virtue of a writ of attachment upon certain real property belonging to the petitioner situated in Cal-casieu Parish. An attorney ad hoc was appointed to represent the present petitioner in that suit, and judgment was rendered against him. The property subject to the chattel mortgage was sold by the Sheriff, and the real property belonging to petitioner was subsequently seized and attached in order to satisfy the deficiency judgment.
The petitioner then filed this present suit against Calcasieu Frozen Foods asking to dissolve the writ of attachment, and asking that the judgment of the prior suit be rendered null and void. The basis of this suit is that petitioner was a resident of the Parish of Calcasieu at the time of the filing of the original suit, and, therefore, the nonresident attachment was not a legal citation. He claims that he should have been personally served. The defendant filed an exception of no cause of action, and upon said exception being maintained, an appeal was taken to this Court. In our original decision, which is reported in La.App., 103 So.2d 99, we overruled the judgment of the Lower Court and remanded the matter for trial on the merits.
Upon trial on the merits below, the Lower Court rendered a judgment annulling its judgment in the prior suit, gave damages to petitioner in the sum of Two Hundred Fifty and No/100 ($250.00) Dollars for the wrongful attachment, refused petitioner’s demand for attorney fees, and rendered judgment in favor of defendant and against petitioner in the sum of Seven Hundred Ninety-seven and 84/100 ($797.-84) Dollars with interest and attorney fees, the latter being based upon a reconventional demand filed by defendant based upon the promissory note. The petitioner has taken an appeal. Although the defendant did file an answer to the appeal, the said answer was filed in this Court one day after the hearing on the matter.
The answer to the appeal filed by the defendant herein cannot be considered by this Court because the said answer was filed too late. Article 890 of the Louisiana Code of Practice provides that if any party demands the reversal of any part of a judgment or damages against the appellant he shall file his answer at least three days before the date fixed for argument, otherwise it shall not be received. Said Article further provides that such answers to appeals in the Circuit Courts of Appeal may be allowed to be filed before argument within the first three days of the actual sitting of any regular session of the Court of Appeal. In the present case the answer to the appeal filed by defendant was not filed in this Court until after argument, and as same was not timely filed under the provisions of the Code of Practice, we are unable to consider his demands which are set forth in the said answer.
The petitioners seek to have the judgment reversed insofar as it allowed the claim in reconvention by the defendant. In addition to the said reversal, petitioners seek an increase in their award for damages as well as attorney fees for the alleged wrongful attachment.
In support of his claim relative to the reversal of the judgment in reconvention, petitioner cites Article 375 of the Code of Practice which provides as follows:
“In order to entitle the defendant to institute a demand, in reconvention, it is required that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him *147 who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises; provided, that when the plaintiff resides out of the State, or in the State, hut in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand he not necessarily connected with, or incidental to the main cause of action; and provided further, that in all cases of arrest, attachment, sequestration, provisional seizure and injunction, the defendant may in the same suit, by re-conventional demand, recover from the plaintiff the damages he may have sustained by the illegal resort to such writ.”
According to the said cited article, where both parties are residents of the same parish, no demand in reconvention shall be considered unless said demand, though different from the main action, be necessarily connected with and incidental to the main action. There is no question but that both parties concerned were residents of the Parish of Calcasieu. Such has already been held by the Lower Court. The main demand presented is a suit to nullify a prior judgment of the Court. The recon-ventional demand, on the other hand, is an action on a promissory note. It is true that the action in nullity seeks to render null and void a prior judgment of the Court which was based on the same promissory note which is the basis of the demand in reconvention. However, it does not appear that a demand on a promissory note can be considered as connected with and incidental to a demand to nullify a judgment. The defendant did cite certain cases before this Court; however said cases concerned the situation where the parties were residents of different parishes, which is' the exception as provided under Article 375 of the Code of Practice. It is our opinion that, based upon the provisions of Article 375, the demand in reconvention should not have been allowed by the Lower Court, and the judgment will be reversed in this respect.
As to the damages allowed by the Lower Court for the improper attachment of the property of petitioner, it appears that he was entitled to such damages. Antley v. Federal Land Bank, La.App., 164 So. 425; General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417, and Typhoon Fan Company v. Pilsbury, 166 La. 883, 118 So. 70. Furthermore, as stated above, even if the jurisprudence were otherwise, we would be unable to reverse the Lower Court in this regard because the answer to the appeal by defendant was not timely filed.
As to the request by petitioner for attorney fees, the jurisprudence is now to the effect that attorney fees will not be allowed where a writ of attachment is dissolved on the merits. Williams v. Ralph R. Miller Shows, La.App., 15 So.2d 249.
For the reasons hereinabove assigned the judgment of the Lower Court will be amended so as to dismiss the reconventional demand filed by defendant, and as amended the said judgment will be affirmed, all costs of this appeal to be paid by defendant.
Judgment amended and as amended affirmed.