(66 South. 390)

No. 20798.

BARTLETT v. LEE.

(Oct. 19, 1914. Rehearing Denied Nov. 16, 1914.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ⬤⇒515—RECORD—TRANSCRIPT—STATUTES.

Act No. 136 of 1880, provides that all testimony taken by the stenographer shall be paid for before being filed by the clerk; that no judgment shall be rendered for any party whose testimony shall not have been paid for and filed; that on appeal testimony not paid for and filed shall not be copied into the transcript nor considered by the appellate court; and that any testimony not paid for by the party at whose instance it was taken may be used in the case, upon payment and filing, by anyone interested therein. Code Prac. art. 896, requires the record to contain a statement of facts in cases where the clerk does not certify that the record of the appeal contains all the testimony. Article 898 provides that omissions from a transcript which have not arisen from any act of the appellant may be supplied by certiorari, and article 897 provides that an appellant, not relying on a statement of facts to sustain his appeal, but on an error of law on the face of the record, may allege such error if, within 10 days after the record is brought up, he files in the Supreme Court a written paper specifically stating the errors alleged. Plaintiff was unable to pay for having testimony taken down in writing, but it was taken down by defendant's order, and a transcript furnished to and paid for by defendant, who on appeal furnished a transcript not containing the testimony of witnesses for plaintiff. *Held*, in the absence of the written paper of the testimony and of a statement of facts, that the judgment appealed from could not be reviewed, and the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2322–2325; Dec. Dig. ⬤⇒515.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Louise Bartlett against Fred E. Lee. Judgment for plaintiff, and defendant appeals. Dismissed.

Harold A. Moise, of New Orleans, for appellant. Lazarus, Michel & Lazarus and David Sessler, all of New Orleans, for appellee.

On Motion to Dismiss.

PROVOSTY, J. At the opening of the trial in the lower court, counsel for plaintiff announced that their client was financially unable to pay the expense of having the testimony taken down in writing, and that, therefore, in so far as she was concerned, the testimony would have to be simply heard, and not taken down in writing, and thereupon the counsel for defendant directed

the stenographer to take down the testimony of plaintiff's witnesses for the defendant's use. The testimony was then taken down by the stenographer; and the transcript of it was furnished to and paid for by defendant. Judgment having gone against defendant, and he having appealed, his counsel furnished to the clerk the transcription of the testimony for making up the transcript of appeal, but directed him not to include therein the testimony of two of plaintiff's witnesses. And the transcript not only does not contain the testimony of these two witnesses, but not even a note of their having appeared in the case. By the affidavits of the judge a quo, of the stenographer and of her counsel, plaintiff made proof in this court of all these facts, and moved to dismiss the appeal. The ground alleged in this motion is that the transcript is not complete, it not containing said testimony. Thereupon, the defendant and appellant, admitting the foregoing facts, and showing further that the reason for not incorporating said testimony in the record was that the plaintiff and appellee had not paid for same, and that there was no obligation on his, defendant and appellant's, part to do so, but that he now desired to have said testimony incorporated in the transcript, asked that a certiorari issue to the clerk of the lower court directing him to send up a transcript of said omitted testimony, and under this certiorari the transcript has now been perfected; without prejudice, however, to the rights of the appellee.

In their brief the learned counsel for plaintiff and appellee argue the case as if the ground of the motion to dismiss were that the record did not contain the statement of facts which is required by article 896, C. P., in cases where the clerk does not certify that the record of the appeal contains all the testimony adduced. But such is not the ground of the motion; the specific and only ground mentioned in the motion is that all the testimony adduced below has not been brought up.

On the other hand, the learned counsel for defendant relies upon the following provision of Act 136, p. 189, of 1880:

"That all testimony taken shall be paid for by a stamp or stamps for the requisite amount, which shall be affixed thereto, before the same shall be filed by the clerk, and no judgment shall be rendered in favor of any party whose testimony shall not have been first stamped and filed, and in case, either party whose testimony shall not have been first stamped and filed, and in case either party shall appeal, all testimony, not so stamped and filed, shall not be copied into the transcript or considered by the Appellate Court.

"Any testimony not paid for by the party at whose instance it was taken may be used as evidence in the cause on being properly stamped and filed by any one having interest therein, and the amount so paid for stamps shall be taxed as costs in the case."

Counsel argues that inasmuch as plaintiff and appellee had not paid for the taking of this testimony, as required by this statute, it was proper to leave it out of the transcript.

A dilemma is presented to defendant and appellant. If the testimony in the case was reduced to writing, it had to be incorporated in the transcript. If it was not, then, by imperative provision of article 896, C. P., a statement of facts had to be prepared for supplying its place. Appellant has done neither.

True, the clerk's certificate is to the effect that the transcript contains all the testimony adduced; but that certificate is admittedly incorrect.

Omissions from a transcript may be supplied by certiorari timely applied for, but only when they have "not arisen from any act of the appellant." C. P. art. 898. The omission in this case was by the act of the appellant, by his direct and express oral instruction to the clerk; hence the certiorari can avail nothing.

Article 897 reads as follows:

"The appellant who does not rely wholly or in part on a statement of facts, an exception to the judge's opinion, or special verdict, to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court a written paper, stating especially such errors as he alleges; otherwise his appeal shall be rejected."

Appellant cannot avail himself of this provision, as he has not filed the written paper here required, and as the delay for doing so has long expired.

In the absence of same, and of the testimony adduced and of a statement of facts, the judgment appealed from cannot be reviewed. The appeal must therefore be dismissed.

Appellant did not "file with the clerk a written list of the portions of the record" which he desired should constitute the transcript, and therefore, Act 229, p. 388, of 1910, has no application to this case, and appellant does not invoke its provisions.

Appeal dismissed at appellant's cost.