*337
 
 On Motion to Dismiss.
 

 THOMPSON, J.
 

 The plaintiff, in foreclosure of a mortgage against defendant, caused certain real estate to be sold by the civil sheriff, at which sale R. H. Gipson for Mrs. E. Gipson became the purchaser. The usual 10 per cent, of the bid was deposited with the sheriff, but thereafter tne adjudicatee failed or declined to take title and pay the balance of the price, al though called upon by the sheriff to do so.
 

 The plaintiff then filed a rule on the Gipsons to compel them to comply with the adjudication, or to show cause why the property should not be readvertised and sold for the account of the said adjudicatee and the deposit which had been made on the price should not be applied as provided in Act No. 316 of 1908.
 

 An answer was filed to the rule, and, after hearing the rule, was made absolute, and the defendant in rule has appealed.
 

 A motion to dismiss the appeal has been filed on the ground (1) that no suspensive appeal lies because no irreparable injury would be done the appellant by the sale of said'property as ordered by the court and as directed by Act No.' 316 of 1908, and (2) that said ap peal is frivolous and without merit.
 

 It is sufficient in answer to the first ground of the motion to say that the judgment of the court, though rendered on a rule, is a final judgment — it disposed of the entire matter then before the court, and from that final judgment the appellant obtained and perfected a suspensive appeal.
 

 The right to a suspensive appeal from a final judgment is not dependent on the question of whether or not there will be Irreparable injury suffered by the appellant.
 

 The second ground of the motion is disposed of by the ruling in the case of Succession of Pavelka, 161 La. 728, 109 So. 403, and the case Typhoon Fan Co. v. Pilsbury, 166 La. 883, 118 So. 70, in which it was held that a motion to dismiss on the ground that the appeal is frivolous, or on'grounds which involve an inquiry into the facts and merits of the case, will be denied and the ease heard on the merits in due course.
 

 The motion to dismiss is overruled.