150 So. 285

## ORLEANS HOMESTEAD ASS'N v. CURTIS et al.

### No. 31475.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

J. G. Dempsey, Jr., of New Orleans, for appellant.

A. G. Williams, of New Orleans, for appellees George Keller and Augustus C. Williams.

LAND, Justice.

The defendant Augustus Williams purchased from plaintiff, Orleans Homestead Association, the property known as 819 Marigny street in the city of New Orleans and, in payment therefor, executed his promissory note, secured by vendor's lien and special mortgage on the property acquired.

On August 21, 1928, the plaintiff caused executory process to issue. The property mortgaged was seized and sold thereunder to the defendant, Mrs. Cecilia Curtis, widow of Edward Gipson, the terms of the adjudication being fixed at cash, and the purchaser required to make, at the moment of adjudication, a deposit of 10 per cent. of the purchase price, amounting to $875, which was paid to the civil sheriff for the parish of Orleans.

The adjudicatee having failed, after notice and demand, to pay the balance of the purchase price and take title, a rule to comply with her bid was filed against her, December 11, 1928, by plaintiff, the Orleans Homestead Association. After hearing had, the rule was made absolute by a final judgment, ordering the civil sheriff for the parish of Orleans to readvertise and sell the property at public auction at the risk and for the account of the adjudicatee, and that the deposit of $875 be paid to plaintiff to defray any loss that may be occasioned by the resale.

The judgment on rule was signed January 31, 1929, and, on February 8, 1929, Mrs. Ed-

ward Gipson, defendant in rule, perfected a suspensive appeal to this court from the judgment rendered against her. The appeal bond was fixed in the sum of $12,050, and was signed by the defendants George Keller and Augustus Williams, as sureties, each for the sum of $6,025.

The judgment on rule appealed from was affirmed by this court on November 3, 1930, in the case of Orleans Homestead Ass'n v. Williams, 171 La. 336, 131 So. 39, and the decree was placed of record in the civil district court and made the judgment of the court on November 20, 1930.

Thereafter the property was readvertised on December 19, 24, and 31, 1930, and January 5, 1931, and was sold on January 6, 1931, at the risk and for the account of the former purchaser, for the sum of $1,000, which was paid into the hands of the civil sheriff at the moment it was adjudicated to plaintiff, the Orleans Homestead Association.

The present suit was instituted March 23, 1931, by the Orleans Homestead Association against Mrs. Edward Gipson, the principal, and George Keller and Augustus C. Williams, sureties on her suspensive appeal bond, to recover judgment in solido against each of these defendants in the sum of $9,459.34, for the alleged loss occasioned by the resale of the property on January 6, 1931, less a credit of $875, amount of deposit previously paid.

The condition of the appeal bond sued upon is: "Now the condition of the above obligation is such, That the above bound Mrs. E. Gipson shall prosecute suspensive and devolutive appeal, and shall satisfy whatever judgment may be rendered against her or that the same shall be satisfied by the proceeds of her estate, real or personal, if she be cast in the appeal; otherwise that the said (sureties) shall be liable in her place."

The defendants A. C. Williams and George Keller, sureties on the suspensive appeal bond, excepted to plaintiff's petition on the ground that it failed to disclose a right or cause of action against them.

This exception was sustained in the lower court, and plaintiff's suit dismissed at its costs.

The facts above detailed in this opinion are, substantially, the well-pleaded facts set out in plaintiff's petition, which also alleges that all of the proceedings in the foreclosure and sale and resale of this property were conducted under Act No. 316 of 1908.

Under the state of facts disclosed by the petition, the exception of no right or cause of action was properly sustained.

According to the final judgment appealed from, the property was ordered sold at the risk and for the account of Mrs. Gipson, the adjudicatee, and the 10 per cent. deposit made by her at the time of the adjudication was ordered paid to the plaintiff, Orleans Homestead Association, to defray any loss that might be occasioned thereby.

The appeal bond herein sued on was given to secure the satisfaction of this judgment.

From the allegations of the petition, it appears that the property has been sold at the risk and for the account of Mrs. Gipson, and that the 10 per cent. deposit, which was in the hands of the civil sheriff, has been paid to the plaintiff. As this judgment had been fully

satisfied at the date of the institution of this suit, plaintiff has no right or cause of action against the sureties on the suspensive appeal bond.

Act No. 316 of 1908 does not provide for the conditions of an appeal bond in the event of an appeal from any judgment that may be rendered under that act.

The suspensive appeal bond in this case was conditioned, therefore, under the general law on the subject, that the appellant "shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal, otherwise that the surety shall be liable in his place." C. P. art. 579.

Judgment affirmed.