This matter comes before us on motion of plaintiff-appellee to dismiss the suspensive appeal taken by defendant-appellant. No devolutive appeal was applied for. Appellee moves to dismiss the appeal on three grounds:
(1) That although judgment was rendered and signed on April 12, 1946, the motion for suspensive appeal was not presented to the court until April 25, 1946;
(2) That the appeal was not perfected by the filing of the necessary appeal bond until May 17th "some 35 days after the judgment was signed"; and
(3) That the record is incomplete "inasmuch as testimony taken on behalf of plaintiff although referred to in the minutes, is not included herein".
Our attention is immediately drawn to the second ground, that is that although the judgment was rendered and signed on April 12th, and although motion for appeal was filed and order of appeal was granted on April 25th, the appeal bond was not filed until May 17, 1946.
[1] It is clearly established that a suspensive appeal is not perfected until the appeal bond is filed and that therefore such an appeal must be dismissed if the bond is not filed within the time required by law. Code of Practice Article 575. Bannister v. Chisesi Longo et al., La. App., 5 So.2d 145.
[2] It is obvious here that the bond was not filed within the time set forth in that article of the Code of Practice and that for this reason the suspensive appeal was not perfected.
[3, 4] Counsel for appellant directs our attention to the provisions of Act 217 of 1944 and contends that because of this statute there was no necessity to perfect the appeal until ten days after notice of the judgment had been served. We have grave doubt as to whether the situation for appellant would be saved by the statute referred to because while that statute does provide that notice of judgment in certain cases must be served by mail "to all the parties to the suit, through their attorneys of record" and that "the parties shall have ten (10) days, and said delay shall begin to run from the time of the aforesaid mailing, within which to take any action or file any pleadings they deem necessary, * * *" it further provides that the requirement that notice of judgment be served shall in no way affect "the delays provided under existing laws to take appeals, apply for new trials and rehearings * * *."
Even if the statute had application to the situation here, and even if as a result of the statute the delays did not commence *Page 501 
to run until after notice of the judgment had been served, the situation would not be saved for appellant because it is conceded that although notice of the judgment was served on April 15th, the bond for appeal was not filed until May 17th, or more than thirty days later.
[5] Since for this reason we must hold that the suspensive appeal was not perfected and therefore did not suspend the operation of the judgment, it is not necessary that we consider the further alleged ground that the order for the suspensive appeal was not obtained within the ten days provided in the Article of the Code. However, since the order granting the appeal was obviously obtained within the year following the rendition of the judgment and the bond too which was sufficient for a devolutive appeal was filed within that time, the appeal must be considered as devolutive, although only a suspensive appeal was applied for. See Graziani v. Elder Walters Equipment Co., 208 La. 80, 22 So.2d 841.
[6] The third ground urged by appellee for the dismissal of the appeal, if well founded, would affect the dismissal of the appeal whether suspensive or devolutive, and we must therefore give it consideration.
This ground is that the record is incomplete "inasmuch as testimony taken on behalf of plaintiff, although referred to in the minutes, is not included * * *".
Counsel for appellee answers this charge in the following words: "The statement contained in the third allegation of the motion is correct, the reason for the absence of plaintiff's testimony being two-fold, first, that the attorneys who formerly represented the appellee withdrew from the record, failed to pay for the testimony and the testimony in behalf of the plaintiff is lost, misplaced or destroyed or has never been written due to failure to pay for same * * *."
An additional reason for refusal to dismiss the appeal on that ground is that Article 585 of the Code of Practice as amended by Act 229 of 1910 and Act 265 of 1918, provides that the appellant may designate what portions of the record shall be included in the transcript and that when he does so "the appeal shall not be dismissed on the ground of the transcript being defective, but the parties and the court shall have the right to cause to be filed thereafter any omitted portion of the record as a supplemental transcript."
It is true that the Article of the Code, as amended, provides also that in the absence of such direction by appellant, the transcript shall be "prepared as the law now directs." It is also true that it has been held that the act, as it was originally written before the amendments, was not applicable where the appellant did not file with the clerk a written list of the portions of the record which he desired to be included. See Bartlett v. Lee, 136 La. 41, 66 So. 390.
But even if the attorney for appellant did not designate to the clerk the portions of the record which he wished to have included, and if therefore the Article of the Code, as amended, had no application, still the appeal should not be dismissed entirely, for by Act 234 of 1932, an appellee is provided a method by which he may call the deficiency to the attention of the appellant who may then have the deficiency supplied or the appellant, himself, if he notices the deficiency and believes that the transcript is incomplete, "either through mistakes or omissions" by Article 898 of the Code of Practice is given the right until the time of the argument "to correct such errors or omissions."
For these reasons it is ordered, adjudged and decreed that the appeal in this case does not stay execution of the judgment appealed from but is a valid devolutive appeal. The motion to dismiss the appeal is therefore overruled.
Motion to dismiss overruled. *Page 689