HAMITER, Justice.
The subject of this litigation is an area of land occupied by a presently used public road — a U. S. Highway — which was completed about the year 1921 and is situated on Ravenswood and Consuelo Plantations in Concordia and Tensas Parishes.
In his original petition filed March _ 4, 1950 plaintiff, Hall W. Wilson, alleged that he became the owner of such area of land, subject to the servitude in favor of the public, by virtue of a purchase in 1929, his vendor having conveyed to him “title to the whole of the lands known as Ravenswood and Consuelo Plantations * * * (here certain specified parts previously sold are excepted), whether said lands are or are not designated and laid off into lots in and on said map * * * (the reference is to a previously made and recorded plat of the plantations)”; that immediately aft *147 er the execution of the deed he assumed actual possession of all property covered thereby and that he has since maintained such possession; and that he has conveyed no interest affecting the area occupied by the public highway.
Plaintiff further set forth in the original petition that The California Company and The Carter Oil Company, the defendants herein, have slandered his title to the roadway land by filing four certain instruments in the Conveyance Records of Concordia and Tensas Parishes and, further, by claiming to have an oil, gas and mineral lease on the property when in fact they have none. Allegedly, the mentioned four instruments are slanderous in that therein such land is designated as Tracts 61, 80 and 252 and is listed-as belonging to “U. S. Highway” instead of to plaintiff.
The recitals of plaintiffs prayer (among others) are “That The California Company and The Carter Oil Company * * * be ordered to either disclaim any title whatsoever to said property, or to assert herein such rights that they may have against the property, that after due proceedings had and legal delays, there be judgment herein in favor of the petitioner and against The California Company and The Carter Oil Company cancelling any and all pretended title of the defendants to the aforesaid. property and recognize petitioner as the. true, full and complete owner thereof.”
In a supplemental petition, offered before the joining of issue, plaintiff sought to delete from his prayer that part which requested the court to “recognize petitioner as the true, full and complete owner thereof”. Objecting to the offering, defendants urged that the portion thus sought to be deleted rendered the suit petitory in nature and effected a waiver of plaintiffs right to pursue an action in jactitation. The court overruled the objection and permitted the filing of the amendment.
Answering, defendants denied plaintiff’s allegations of possession and slander, and they prayed that his demands be rejected.
The cause was tried on its merits as a jactitation action. And the court, ultimately, decreed that defendants institute suit in revendication of their rights within sixty days after finality of the judgment; or that, in default of the suit, they be forever barred from setting up any claim or right to the property.
Appealing, defendants first complain of the allowance of' the amended petition and of the trial of the cause as an action in jactitation. - We pretermit this complaint for, assuming that the action is jactitatory in character as plaintiff maintains, the cause cannot succeed on its merits. To be successful in such a suit the plaintiff must prove that he is in possession of the property and that his title thereto has been slandered. Proctor v. Richard *149 son, 11 La. 186; Siegel v. Helis, 186 La. 506, 172 So. 768; Rudd v. Land Co., Inc., 188 La. 490, 177 So. 583; City of Shreveport v. Kahn, 194 La. 55, 193 So. 461; Ware v. Baucum, 221 La. 259, 59 So.2d 182. In the instant case the latter of these requirements has not been satisfied (the former is not presently considered).
The recorded four instruments principally relied on by plaintiff relate to the Lake St. John Oil Field (which includes the highway land in controversy) located in Concordia and Tensas Parishes, and they evidence a royalty owners’ unitization agreement, two participation schedules, and an operating agreement. Therein, and on attached plats, are listed various tracts in the field identified by numbers and also by names, the majority of which names are of persons and corporations. The roadways here in contest are designated as Tracts 61, 80 and 252, and opposite these respective numbers appear the notations “U. S. Highway” or “Portion of Highway 65” or there is provided a brief description of the portion of the highway affected.
Pointing to these listings plaintiff contends that thereby defendants are asserting that the property concerned belongs to something or some one other than him and that, consequently, they are slanderous of his title. We do not so interpret the listings. Obviously, identification of the several tracts was necessary in carrying out the unitization program. Defendants, accordingly, merely designated them by names descriptive of the purpose for which they are used — as a public highway. By so doing they in no manner questioned or denied plaintiff’s claim of ownership thereto.
That such designations were employed only as means of identifying the property is conclusively shown by a provision found at the commencement of each instrument, with one exception, reading as follows: “The names following the Tract numbers in this Schedule are for aid in identification only, and shall not be accorded any significance with respect to title or ownership.” The recorded instruments, therefore, are not slanderous of plaintiff’s title
Likewise without merit is plaintiff’s contention that his title is being slandered by defendants’ claiming to hold an oil, gas and mineral lease on the roadway land when in fact they have none. He reasons that a lease on the property granted by him in 1940, and later assigned to defendants, has expired; and that by claiming under the void lease defendants are slandering his title. Certainly an assertion of rights under a lease, (even if void) executed by this plaintiff cannot constitute a denial of his title; rather, it would seem to give recognition thereto. And it follows that if the lease has expired plaintiff’s remedy for having it cancelled from the public *151 records is a proceeding other than the action in jactitation.
For the reasons assigned the judgment appealed from is reversed and set aside and the demands of plaintiff are rejected at his costs.
HAWTHORNE, J., dissents.