88 So.2d 27

Albert STOCKSTILL et al.

v.

Albert M. COTTEN et al.

No. 42840.

May 7, 1956.

--------◆--------

Brumby, Aycock, Horne & Caldwell, Franklin, for defendants-appellants.

E. L. Guidry, Jr., Willis & Willis, by J. B. Willis, St. Martinville, for plaintiffs-appellees.

HAMITER, Justice.

In this jactitation action affecting certain lands situated in St. Martin Parish the defendants, in limine and pursuant to the provisions of LSA–R.S. 13:5063, filed an exception of want of possession alleging and pleading plaintiffs' lack of sufficient possession of the property to institute and prosecute the proceedings.

A hearing was held solely on the exception (no answer has been filed) at which considerable evidence was introduced by the respective parties on the question of possession. Subsequently, the court rendered and signed a judgment "in favor of plaintiffs and against the defendants, dismissing

defendants' exception of want of possession, at their costs."

From that decree the defendants requested and obtained the instant appeal. Plaintiffs have moved to dismiss it, urging that the ruling "is not a final judgment but rather interlocutory in character and causes no irreparable injury and therefore cannot sustain an appeal."

"Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings." Code of Practice Article 538. "Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata." Code of Practice Article 539. "One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default." Code of Practice Article 565. "One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury." Code of Practice Article 566.

If the ruling from which this appeal was taken be considered interlocutory in character it, unquestionably, will not and cannot cause defendants any irreparable injury. Hence, the appeal is not authorized by the quoted Article 566.

■ It is equally clear that the judgment appealed from is not definitive or final as contemplated by the quoted Articles 539 and 565, all of the points in controversy between the parties not having been decided. For example, no determination has yet been made of the allegation of the petition that defendants have slandered plaintiffs' title to the property, the matter of slander being an essential element in an action of this kind. See Wilson v. The California Co., 226 La. 144, 75 So.2d 224. Moreover, if and when defendants file an answer they might well assert therein ownership of the lands, thereby converting the suit into a petitory action, in which event there would have to be decided the important question of title. In this connection the court cannot anticipate the course of this litigation with respect to issues and trials.

Directing attention to the provisions of LSA–R.S. 13:5063 appellants, to sustain this appeal, contend that the judgment rendered decides the fundamental issue of possession on the merits of the action and that if no appeal is now permitted it will become definitive and res judicata. The cited statute, the source of which was Act 241 of 1946, recites: "Whenever in any action of jactitation or slander of title any defendant desires to raise as a defense lack of sufficient possession of the property involved therein by the plaintiff or plaintiffs to institute and prosecute such action, or failure of the plaintiff or plaintiffs' petition to allege sufficient possession of the property involved therein by the plaintiff or plaintiffs, to institute and prosecute such action, such defendant shall raise and plead all such

defenses by means of and in an exception or exceptions filed in limine litis." The argument of appellants is that by these provisions the "Legislature divorced the question of possession vel non from all other questions on the merits in a jactitory action" and now requires that a lack of possession as a defense must be raised and determined on an exception filed in limine litis.

It is true that in an action in jactitation the question of possession, as well as of slander and sometimes of damages, is important in a determination of the merits. It is also true, however, that a plaintiff's right to resort to such a suit depends on his having the requisite possession. And it is the matter of the right to so sue and proceed (not of the real merits of the case) that the above quoted statute obviously addresses itself, for as its language discloses that which is thereby required to be raised by an exception filed in limine litis is "lack of sufficient possession of the property involved therein by the plaintiff or plaintiffs *to institute and prosecute such action*".

██ When such an exception is filed, heard and overruled (as occurred in this case) the defendant can then answer, setting up his real defenses or converting the suit into a petitory action, after which the cause is to be tried on its merits. Of course, at the trial plaintiff, as above shown, will be required to prove the possession which he seeks to protect; however, in making the proof the evidence adduced on the hearing of the exception may be offered and introduced, just as was done in Ware v. Baucum, 221 La. 259, 59 So.2d 182. And following the trial of the merits, on the issues created by the petition and answer, the court will pronounce a definitive or final judgment resolving such issues. From that judgment the party cast can obtain and perfect an appeal and thereby obtain a review of the entire proceedings.

Appellants, in support of their position herein, rely heavily on Cary v. Richardson, 35 La.Ann. 505, in which the court said: "An interlocutory judgment should not trench upon the merits of the cause; but the moment it does, it acquires a character of finality, which assimilates it to a final judgment and renders it appealable. It is not essential for a judgment to be final, that it should settle all the rights existing between the parties to the suit. All that is required is, that it determine issues involved on the merits of the action. The judgment is none the less final, because some future orders of the court may become necessary to carry it into effect. * * *"

██ As pointed out above the judgment herein determined merely plaintiffs' right to pursue the jactitory action, not issues involved on the true merits of the cause. Again, the judgments in the Cary case and in Garland v. Dimitry, 164 La. 875, 114 So. 718 (which followed the former), unlike the judgment here, "disposed of the entire

merits of the cases, with the exception of an accounting to be done, which was to be done in furtherance, or in execution, of the judgments, forming the bases of the appeals." See Feitel v. Feitel, 169 La. 384, 125 So. 280, 281.

■ Under our procedural law, therefore, the instant appeal is unauthorized. "* * * The law does not favor the bringing up of cases by fragments, and therefore has provided no appeal from interlocutory decisions unless they work irreparable injury. * * *" Wolff v. McKinney, 21 La.Ann. 634, this excerpt was referred to approvingly in Succession of Willis v. Willis, 229 La. 293, 85 So.2d 520.

For the reasons assigned the appeal is dismissed.