FRUGÉ, Judge.
This suit and its companion suits, La.App., 166 So.2d 22; McKay v. Jefferson Ins. Co., La.App., 166 So.2d 23; Carmouche v. Jefferson Ins. Co., La.App., 166 So.2d 23; Carmouche v. Jefferson Ins. Co., La.App., 166 So.2d 23, were consolidated for trial. They arose out of the same set of facts.
On December 30, 1962, plaintiffs were riding in an automobile driven and owned by Richard L. Vehrs. During that time the automobile was involved in an accident in Grant Parish, Louisiana, on State Highway 8. Plaintiffs allegedly sustained injuries from the accident, and thereafter brought suit against Richard Vehrs and his insurer, Jefferson Insurance Company, in the Eighth Judicial Court for the Parish of Grant.
Defendant Vehrs was a resident of Rapides Parish at the time of the accident, being stationed at England Air Force Base in Alexandria. However, defendant Jefferson Insurance Company is a foreign insurance company domiciled in Fort Smith, Arkansas. The company is not authorized to do business in Louisiana and has not appointed an agent for the service of process. Process was served on the company by serving the Secretary of State and noti *21 fying the insurer that the Secretary of State had been served. The defendant immediately filed exceptions of insufficiency of service of process, improper venue and lack of jurisdiction of the court over the person of the defendant insurer. The exception of insufficiency of service was maintained because registered notice of such service was not forwarded to the defendant; however, plaintiff was granted fifteen days to correct this defect and he thereafter caused notice to be served on the defendant insurer. The insurer’s other exceptions were overruled. The Court then ordered the insurer, as a foreign insurer not authorized to do business in Louisiana, to post bond in the amount of $12,000 or qualify to do business in the state as required by LSA-R.S. 22:-1255(A). On December 9, 1963, default judgments were rendered against the defendant insurer. These were confirmed on December 13, 1963. The insurer then moved for a new trial but this motion was denied. The insurer thereafter was granted this devolutive appeal.
On May 26, 1964, plaintiffs moved to dismiss the appeal.
Plaintiffs have moved to dismiss on the grounds that the defendant insurer has no right to file an appeal or any other pleadings or use the courts of this state. This contention is based on the fact that the insurer did not comply with the legal requirements of LSA-R.S. 22:1255 by either filing a bond to secure the payment of any final judgment or procuring a certificate of authorization to transact business in the State of Louisiana. Plaintiffs contend that the defendant insurer is only entitled to file the declinatory exceptions which were denied by the trial judge and that the overruling of such exceptions were only interlocutory decrees and therefore defendant has no legal right to appeal from such interlocutory decrees.
Although we might agree with the plaintiffs that the defendant insurer is only entitled to file the declinatory exceptions which were overruled by the trial court, we nevertheless have reached the conclusion that the defendant may now appeal the denial of such exceptions.
LSA-Code of Civil Procedure Art. 2083 provides as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Plaintiffs contend that the overruling of defendant-insurer’s declinatory exceptions of insufficiency of service of process, improper venue and lack of jurisdiction of the court over the person of the defendant were merely interlocutory judgments and therefore not appealable to this court. “ ‘ * * * The law does not favor the bringing up of cases by fragments, and therefore has provided no appeal from interlocutory decisions unless they work irreparable injury. * * * ’ ” Stockstill v. Cotten, 230 La. 205, 88 So.2d 27. However, after a trial of the case on its merits, the interlocutory ruling becomes a part of the final judgment and is subject to review by the appellate court. Reeves v. Barbe, 200 La. 1073, 9 So.2d 426.
In the case before us the trial court’s rulings on the declinatory exceptions were interlocutory judgments. However, since a judgment was rendered on the merits of the case, there now exists a final judgment. The interlocutory judgments of the trial court have now become part of a final judgment and are reviewable by this court on appeal.
Plaintiffs also contend that the appeal should be dismissed because there was no transcript of testimony taken down when the default judgments were obtained, nor was there a statement of facts set forth by the court
*22 “Where on appeal the record does not contain the testimony of the witnesses, nor in lieu thereof a written narrative of the facts, and the correctness of the trial court judgment depends upon the oral testimony, an appellate court will dismiss the appeal, if timely motion to do so is filed by the appellee; the presumption being that the trial court judgment is correct, so that therefore there is nothing in the record for the appellate court to review.” Clark v. Richardson, La.App. (3rd Cir.), 157 So.2d 325, 327, and cases cited therein. But this case further states that, “Even though the oral evidence is missing, the appeal will not be dismissed where the correctness of the trial court judgment does not depend upon this missing testimony. Hydrotex Industries v. Cartwright, La.App. 2 Cir., 45 So.2d 93. Likewise, the motion to dismiss will be denied where the written reasons of the trial judge reveal substantially all of the material testimony and the record is sufficiently complete to permit appellate consideration of the issues presented by the appeal. Succession of Seals, 243 La. 1056, 150 So.2d 13. Further, the motion to dismiss the appeal is denied where the absence of the missing evidence is not shown to have resulted from any failure on the part of the appellant (in which event the irregularity of the incomplete record may be corrected, see LSA-C.C.P. Art. 2132, even after the record is transmitted to the appellate court). Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62; Nunez v. Serpas, 198 La. 415, 3 So.2d 673; St. Romain v. Bordelon, La.App. 2 Cir., 77 So.2d 420; Norman-Breaux Lbr. Co. v. Snee, La.App. Orl., 26 So.2d 499.” 157 So.2d at 327.
In the cases before us the trial court rendered money judgments for plaintiffs by confirming the prior default judgments, without transcribing any testimony or giving any written reasons for the judgments. However, the records are not insufficient with regard to the overruling of defendant insurer’s declinatory exceptions. The trial judge submitted written reasons for his rulings on the exceptions. Thus, we have before us a question of law as to the correctness of the denial of these exceptions, a review of which does not depend on oral testimony. The record is sufficiently complete to permit this Court to consider, as a question of law, the trial court’s overruling of the defendant insurer’s exceptions, which, as we have held above, are a part of the final judgment in this case and subject to review by an appellate court.
For the foregoing reasons the motion to dismiss is denied.