LANDRY, Judge.
Defendant-appellant, Ernest Harry, is appealing the judgment of the trial court ordering him to submit to a medical examination requested by his employer, Miley Timber Company, Inc., and Miley’s insurer, Employers Mutual Liability Insurance Company of Wisconsin pursuant to LSA-R.S. 23:1121, to determine appellant’s present physical condition following an accident which disabled appellant while in Miley’s employ. Appellant concedes the trial court’s implied denial of his motion for summary judgment dismissing plaintiff’s application for a rule to show cause why the examination should not be ordered is not an appealable matter. Nevertheless, appellant maintains “such a ruling is subject to review under the appeal from the *210 final judgment rendered in the case. See Article 968 of the Code of Civil Procedure and Comment (d) thereunder.” We find, however, that no appeal lies herein because the judgment appealed from is not a final judgment. Defendant’s sole remedy being by writ and not appeal, we dismiss this appeal on our own motion.
The undisputed facts are that appellant was injured May IS, 1968 while trimming trees in the course and scope of his employment by Miley. Appellant was struck by a tree and sustained a compression fracture of the anterior body of the twelfth thoracic vertebra. Following the mishap, appellant was treated by Dr. E. L. Feinberg, who reported on October 10, 1968 that no permanent disability was anticipated as a result of appellant’s injuries and that appellant should be able to resume his employment in two months. On January 17, 1969, Dr. Feinberg reported that appellant had attained complete recovery but that “This man is unable to follow the type of work he has been doing, but is able to be gainfully employed.” This report prompted appellees’ subsequent request that appellant submit to a physical examination by an orthopedic specialist of appellees’ choice. Appellant’s refusal prompted appellees’ application for a rule ordering appellant to show cause why such an examination should not be ordered pursuant to the Louisiana Workmen’s Compensation Statute (LSA-R. S. 23:1121). It is conceded that plaintiffs have paid defendant’s medical expense but have paid no compensation. Defendant has not filed a suit for compensation benefits.
Appellant maintains the trial court erred in (1) ordering appellant’s submission to examination by an orthopedic specialist after appellant’s discharge by a treating physician who had been chosen by the employer and who classified appellant as totally and permanently disabled; (2) rejecting appellant’s motion for summary judgment dismissing plaintiff’s request, and (3) ordering appellant to submit to examination by a physician of the employer’s choice rather than by medical authority selected by the court.
LSA-C.C.P. Article 2083 states:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default and from an' interlocutory judgment which may cause irreparable injury.”
A final judgment is defined in LSA-C. C.P. Article 1841 as one which determines the merits in whole or in part. The article further states that a judgment which does not determine the merits, but only preliminary matters in the course of a trial, is an interlocutory judgment.
LSA-R.S. 23:1121 provides that an injured employee shall submit to an examination by a qualified medical practitioner provided and paid for by the employer “as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary * * Appellant maintains that the judgment ordering his examination pursuant to the statute is final in that it adjudicates all matters presently before the court. In so contending, appellant cites Cary v. Richardson, 35 La.Ann. 505; Orleans Homestead Association v. Williams, 171 La. 336, 131 So. 39; Metairie Bank in Liquidation v. Lecler, La.App., 4 So.2d 573; Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18; Green v. Chamberlain, La.App., 60 So.2d 120; Voisin v. Luke, La. App., 142 So.2d 815, and Succession of Daste, 254 La. 403, 223 So.2d 848.
In each of the cited authorities the decision appealed from adjudicated some or substantially all of the merits involved. In Cary v. Richardson the judgment decreed that a partnership existed and certain rights flowed therefrom. In Orleans Homestead Association v. Williams, above, the adjudi-catee at a sheriff’s sale appealed a judgment rendered on a rule ordering that the sale be completed and the adjudicatee take title. Metairie Bank in Liquidation v. Lecler, above, involved an appeal from a *211 judgment dismissing plaintiff’s suit for alleged failure of prosecution. A wife, in Oliphint v. Oliphint, appealed from a judgment dismissing her rule for ascertainment of community assets and an accounting by her husband. In Green v. Chamberlain, the appeal was from a judgment rendered in an action in jactitation or slander of title which judgment ordered a litigant to disclaim title or institute a petitory action within a specified time. In Voisin v. Luke, the judgment appealed had the effect of determining the case on its merits adversely to appellant. Succession of Daste, above, concerned an appeal from a judgment ho-mologating a tableau in a succession proceeding. The court found that the judgment settled all of the issues between the parties on the merits of the case.
As held in Metairie Bank in Liquidation v. Lecler, above, a judgment which decides all points in controversy between the parties and has the force of res judicata is a final judgment. We note further that a judgment which disposes of the entire matter then before the Court is likewise a final judgment. Orleans Homestead Association v. Williams, above. We likewise observe that a judgment does not have to be the last judgment rendered in a cause to be final, Succession of Daste, above. As here-inabove shown, however, the judgment involved in each of these instances disposed of some portion of the merits of the cause.
It is well settled that the law does not favor the piecemeal appeal of cases. Stockstill v. Cotten, 230 La. 205, 88 So.2d 27.
Unquestionably the basic dispute between the litigants is whether or not appellant is entitled to workmen’s compensation benefits. The order to submit to a medical examination does not decide the merits of the issue in any degree whatsoever. Such an order is purely preliminary and interlocutory. The statute expressly provides that more than one such, examination may be demanded provided the test of reasonable necessity is met. We readily perceive that if an appeal lies as a matter of right from each such order, the resulting burden on the appellate courts would be tremendous.
Alternatively relying upon State ex rel. Cole v. Judge of Fifth Judicial District, 29 La.Ann. 803; Brown v. Courtney, La.App., 64 So.2d 15, and Farmers Supply Company v. Williams, La.App., 107 So.2d 544, appellant maintains the judgment is appealable in that irreparable injury will result therefrom. It is significant that no such claim was made until the lack of right of appeal was raised by this court on its own motion. Nor does the record herein contain the slightest proof of irreparable injury. Affording appellant the benefit of every doubt, we fail to see wherein irreparable injury will result from the decree rendered below.
Appellant acknowledges on authority of LSA-C.C.P. Article 968, that no appeal lies from the judgment of the trial court refusing to grant his motion for summary judgment.
Although the right of appeal does not exist in matters of this nature, nevertheless, the litigant affected is not totally without means of relief. In instances of this sort, our supervisory jurisdiction may be invoked conformably with La.Const. Article 7, Section 29. See also, Abshire v. Hartford Accident and Indemnity Company, La.App., 179 So.2d 508.
It is so ordered, adjudged and decreed that this appeal be dismissed at appellant’s cost.