SAMUEL, Judge.
This matter is before us solely on a defendant motion to dismiss the appeal taken by the plaintiff.
Plaintiff’s petition alleges: Together with her now deceased husband, she was an individual endorser on two corporate notes held by the defendant bank; on June 2, 1975 she paid both notes; although the notes called for 8% interest per annum, the defendant had increased the interest to 10% on October 1, 1973 and had further increased the interest to 12% on February 25, 1975, thus making the loan usurious and resulting in a forfeiture by the defendant of all interest as provided by LSA-R.S. 9:3501. The petition further alleges the attorney’s fee charged by the bank was not authorized by law. The prayer of the petition is for the return of the usurious interest and the attorney’s fee collected by the defendant.
Defendant filed exceptions of no cause and no right of action to the petition. The trial court judgment appealed from maintains those exceptions only insofar as plaintiff’s claim for the return of usurious interest is concerned (relying on LSA-R.S. 12:703 as it existed at the time of the transaction which, according to the trial court’s interpretation, foreclosed plaintiff’s right to plead usury) and dismisses the exceptions insofar as they applied to the claim for return of the attorney’s fee. However, *45 the reasons for judgment state: “Since the plaintiff suggests in brief that the note may have contained capitalized interest, she must be permitted to discover such facts and allowed to amend if she can.” Accordingly, the judgment granted plaintiff leave to amend within thirty days “to allege capitalized interest as a basis to state a claim for usury.”
The judgment was rendered on June 7, 1978. On July 26, 1978, plaintiff amended her petition alleging the notes contained capitalized interest. No further action was taken in the trial court until July 6, 1978, when plaintiff filed her motion for a devol-utive appeal and the order therefor was signed.
In her response to defendant’s motion to dismiss, plaintiff does not argue that the judgment appealed from will cause her irreparable injury, nor do we see any such possible injury. She argues only that the judgment dismissing her claim for usurious interest paid by her, and based solely on the alleged fact that the defendant bank had unilaterally increased the rate from 8% to 12%, is a final judgment and therefore ap-pealable. We do not agree.
Piecemeal appeals are not allowed[1] and this is a piecemeal appeal. Plaintiff can go to trial on the merits, offer proof of all of her claims (by proffer or otherwise) and then appeal in the event of an adverse judgment. Her claim regarding her right to a return of alleged usurious interest paid by her to the defendant, whether or not based on capitalized interest, will be before this court on such an appeal.
For the reasons assigned, the motion to dismiss the appeal is maintained, the appeal is dismissed, and the matter is remanded to the trial court for further proceedings in accordance with law; costs of this appeal are to be paid by the plaintiff-appellant; all other costs are to await a final determination.

MOTION MAINTAINED; APPEAL DISMISSED; AND REMANDED.

LEMMON, J., concurs and assigns reasons.

. LSA-C.C.P. Arts. 1915 and 2083, particularly Comment (b) second paragraph under Article 1915; Stockstill v. Cotten, 230 La. 205, 88 So.2d 27; Celestine v. Hub City Motors, Inc., La.App., 327 So.2d 700. But as to workmen’s compensation, see Braddy v. Triangle Timber, Inc., La.App., 345 So.2d 1252.