ALFORD, Judge.
Huey Durbin filed suit against State Farm Fire and Casualty Company alleging he was entitled to worker’s compensation benefits for injuries sustained during the course and scope of his employment as a television repairman for Lamonica’s Television, Inc. A trial on the merits of Dur-bin’s petition has not been held. However, pursuant to La.R.S. 23:1226(D), the trial court did hold a hearing on the issue of whether rehabilitation was appropriate. La.R.S. 23:1226(D) provides as follows:
Prior to the director recommending or the court adjudicating an injured employ *727 ee to be permanently and totally disabled, the director or court, whichever the case may be, shall determine whether there is reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.
Following the hearing the trial court rendered judgment as follows:
This cause came on this day, June 1, 1987 for hearing to determine whether there is a reasonable probability that with appropriate training or education plaintiff may be rehabilitated to the extent that he can achieve suitable, gainful employment, and whether it is in the best interest of plaintiff to undertake such training or education.
After considering plaintiffs testimony, the deposition of Dr. J. Thomas Kilroy, M.D. and the evidence of Jennifer Palmer, vocational rehabilitative counselor, and on considering the law and evidence in favor of plaintiff:
IT IS ORDERED, ADJUDGED AND DECREED that there is no reasonable probability that with appropriate training or education plaintiff could be rehabilitated to the extent that he can achieve suitable, gainful employment, and that it is not in the best interest of plaintiff, Huey Durbin, to undertake such training or education.
State Farm appealed from this judgment. Thereafter, this court issued, ex proprio motu, an order directing the parties to show cause why the appeal should not be dismissed on the basis that it was taken from an interlocutory judgment.
A final judgment is one which determines the merits of a controversy either in whole or in part. La.Code Civ.P. art. 1841. An interlocutory judgment is one which does not determine the merits of a case but decides only preliminary matters in the course of the action. Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir.1983); Bartley v. Insurance Co. of North America, 406 So.2d 712 (La.App. 2d Cir.1981).
In the instant case the basic dispute between the litigants is whether or not Durbin is entitled to worker’s compensation benefits. The trial court’s ruling that rehabilitation will not benefit Durbin does not decide the merits of the case. The ruling on rehabilitation was made pursuant to La. R.S. 23:1226(D) and is purely preliminary, and therefore interlocutory. See Employers Mutual Liability Insurance Co. of Wisconsin v. Harry, 238 So.2d 209 (La.App. 1st Cir.), writ denied, 256 La. 873, 239 So.2d 365 (1970), in which a trial court judgment ordering a worker’s compensation claimant to submit to a medical examination (pursuant to La.R.S. 23:1121) was found to be interlocutory and not appeal-able.
Therefore, we find that no appeal lies herein because the judgment appealed from is not a final judgment. State Farm’s sole remedy being by writ and not appeal, we dismiss this appeal on our own motion, at State Farm’s cost.
APPEAL DISMISSED.