NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1687

BRIDGET MARIE BREEN DUNBAR, PATRICK VERNON BREEN, RYAN MICHAEL BREEN, AND DEVIN THOMAS BREEN

VERSUS

KACIE MAGEE BREEN AND FEDERAL INSURANCE COMPANY

C/W

2019 CA 1688

SEAN MICHAEL BREEN

VERSUS

KACIE MAGEE BREEN AND ABC INSURANCE COMPANY

*Judgment Rendered:* **NOV 0 6 2020**

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit No. 2015-13096 c/w 2015-11809

The Honorable August J. Hand, Judge Presiding

********

| | |
|---|---|
| Antonio LeMon<br>Covington, Louisiana | Counsel for Plaintiff/Appellant<br>Aaron Dylan Knapp |
| Michelle Leigh Rees<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellee<br>Sean Michael Breen |
| Richard Ducote<br>Covington, Louisiana | Counsel for Defendant/Appellee<br>Kacie Magee Breen |
| B. Wesley Pitts | Counsel for Defendants/Appellees |

Alex J. Peragine
Covington, Louisiana

Renee Paul Frederick, Amanda
Sansonne, Mark J. Mansfield,
Frank P. Tranchina, Jr., Amy C.
Cowley

Edward J. Walters, Jr.
Baton Rouge, Louisiana
Rene Paul Frederick
Amanda Sansonne
Mark J. Mansfield
Frank Tranchina
Amy C. Cowley
Covington, Louisiana

Counsel for Plaintiffs/Appellees
Bridget Marie Breen Dunbar,
Patrick Vernon Breen, Ryan
Michael Breen, and Devin Thomas
Breen

James E. Moorman, III
Covington, Louisiana

Counsel for Defendant/Appellee
Mary Grace Knapp

Joseph Maselli, Jr.
Conrad C. Rolling
New Orleans, Louisiana

Counsel for Defendant/Appellee
Federal Insurance Company

Brian F. Trainor
Covington, Louisiana

Counsel for Defendant/Appellee
St. Tammany Parish Sheriff's
Office-Sheriff Jack Strain, Jr.

Emily Couvillon
Covington, Louisiana

Counsel for Intervenor/Appellee
Warren Montgomery, 22 Judicial

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Concurs in the result,

**LANIER, J.**

The plaintiff/appellant, Aaron Dylan Knapp, challenges the judgment of the 22nd Judicial District Court which maintained a peremptory exception raising the objection of *res judicata* and set for contradictory hearing a motion for attorney's fees, costs, and expenses filed by the defendant/appellee, Kacie Magee Breen. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2015, Ms. Breen fatally shot her husband, Dr. Wayne Breen (the decedent). The St. Tammany Parish Sheriff's Office determined that the shooting was in self-defense, and on April 7, 2016, a St. Tammany Parish grand jury returned a "no true bill" with respect to the shooting. Ms. Breen has not been charged or convicted for the shooting of her husband.

On May 1, 2015, Sean Michael Breen, a son of the decedent, filed a petition for damages against Ms. Breen for the wrongful death of his father.[1] On February 21, 2018, the petition was amended to include as a plaintiff Aaron Dylan Knapp, Sean's half-brother and biological son of the decedent. Aaron was subsequently made a party in the instant case by court order.[2]

On August 5, 2015, a federal interpleader complaint was filed in the United States District Court for the Eastern District of Louisiana by Pruco Life Insurance Company against Ms. Breen and the estate of the decedent. During her marriage to the decedent, Ms. Breen had been named the beneficiary of two of the decedent's life insurance policies. The decedent's adult children, excluding Aaron, were named as claimants to the insurance funds, which were placed in the registry of the

---

[1] Sean, as well as all the other adult children of the decedent in the instant case, are not the children of Ms. Breen.

[2] The other adult children of the decedent, along with Federal Insurance Agency, filed a separate petition for damages on July 30, 2015, in which they also alleged Ms. Breen to be responsible for the wrongful death of the decedent. That action was subsequently consolidated with the instant case, but was then dismissed with prejudice.

federal court.[3] The federal court entered judgment in favor of Ms. Breen on June 9, 2017, finding she was the sole claimant to the insurance funds and dismissing all the competing claims of the adult children.

On June 27, 2017, Ms. Breen filed a peremptory exception raising the exception of *res judicata* and a motion for attorney's fees and costs pursuant to La. R.S. 9:2800.19(B).[4] The basis of the exception of *res judicata* was the judgment of the federal court in the interpleader action, where the federal court determined that Ms. Breen acted in self-defense in the shooting and killing of the decedent. Further, Ms. Breen argued that pursuant to La. R.S. 9:2800.19(B), she is entitled attorney's fees, costs, and expenses, as the federal court's judgment rendered her immune to suit for the wrongful death of the decedent.

The June 2017 exception and motion were originally denied by the trial court for prematurity, since the interpleader judgment of the federal court was still subject to appeal. The re-urged exception and motion were again denied by the trial court, as the court at that time did not find the federal interpleader judgment precluded judgment on the wrongful death claim. On August 15, 2018, Ms. Breen filed a second supplemental peremptory exception raising the objection of *res judicata* and motion for attorney's fees and costs pursuant to La. R.S. 9:2800.19(B), after the U.S. Court of Appeal, Fifth Circuit, affirmed the interpleader judgment of the Eastern District of Louisiana.

---

[3] Aaron moved to intervene in the interpleader action, but his motion was denied by the federal court for untimeliness.

[4] Louisiana Revised Statutes 9:2800.19 states:

   A. A person who uses reasonable and apparently necessary or deadly force or violence for the purpose of preventing a forcible offense against the person or his property in accordance with R.S. 14:19 or 20 is immune from civil action for the use of reasonable and apparently necessary or deadly force or violence.

   B. The court shall award reasonable attorney fees, court costs, compensation for loss of income, and all expenses to the defendant in any civil action if the court finds that the defendant is immune from suit in accordance with Subsection A of this Section.

The trial court denied Ms. Breen's request for an evidentiary hearing on her second exception and motion, and Ms. Breen filed a supervisory writ with this court. This court vacated the trial court's ruling and remanded for an evidentiary hearing. Following an evidentiary hearing, the trial court granted the exception raising the objection of *res judicata* and ordered that a contradictory hearing on the motion for attorney's fees and costs be set at a later date. Aaron has appealed this judgment.

## DISCUSSION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. *Gaten v. Tangipahoa Parish School System*, 2011-1133 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074; *Advanced Leveling & Concrete Solutions v. Lathan Company Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. C.C.P. art. 1841. A final judgment must be identified as such by appropriate language. La. C.C.P. art. 1918. A valid judgment must be precise, definite, and certain. *Gaten*, at 1074. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* These determinations should be evident from the language of a judgment without reference to other documents in the record. *Id.*

The judgment on appeal contains the following decretal language:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the exception of *res judicata* is maintained, and, accordingly, this suit and all claims asserted therein are **DISMISSED** with prejudice; and
>
> **IT IS FURTHER ORDERED** that a contradictory hearing shall be set on the motion for attorney's fees, costs, and expenses filed by Defendant Kacie Breen pursuant to La. R.S. 9:2800.19(B).

5

In the first paragraph, the trial court does not identify the specific party or parties to whom the judgment is in favor, nor does it identify the party or parties whom the judgment is against. The failure to name any plaintiff or defendant in a judgment rendered in a case with multiple plaintiffs and defendants makes the judgment fatally defective, because one cannot discern from its face to whom relief is granted or against whom the judgment may be enforced. *Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc.*, 2010-0477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916.

The second paragraph of decretal language merely sets the motion for attorney's fees and costs for a contradictory hearing, but does not grant or deny any relief. This portion of the judgment only determines a preliminary matter in the course of the action and is therefore interlocutory. See La. C.C.P. art. 1841; *Durbin v. State Farm Fire and Cas. Co.*, 525 So.2d 726, 727. Further, the judgment does not contain a designation that it is a final judgment after an express determination that there is no just reason for delay. In the absence of such a determination, the order cannot constitute a final judgment for the purpose of an immediate appeal. See La. C.C.P. art. 1915(B). As such, the second paragraph of the decretal language is interlocutory and not final, and this court lacks appellate jurisdiction over the instant matter.

For the reasons set forth above, this appeal is dismissed. All costs of this appeal are assessed to the plaintiff/appellant, Aaron Dylan Knapp.

**APPEAL DISMISSED.**